DAVID FAHEY v. MATTHEW S. BOULMAY ET AL.

Decided October 26, 1900.

**1. Guardian's Bond—Names of Minors.**

A guardian's bond payable to the county judge, and in its caption reciting it to be in the "Estate of the Minor Children of I. B., Deceased," is sufficient, and is properly received in evidence in an action thereon where such minor children are further identified by the evidence.

**2. Same—Sureties Bound as to Amount of Default.**

The decree of the county court in a final settlement by a guardian is conclusive against the sureties on his bond as to the amount due, although they were not cited in the proceedings.

**3. Same—Heir of Ward May Sue on Bond.**

Where a minor ward has died, and in final settlement of the guardian's account the court has directed him to pay to a given person who is an heir of such deceased ward, such person, upon the guardian's failure to so pay, may sue upon the bond. Rev. Stats., arts. 2764, 2770.

ERROR from Fort Bend. Tried below before Hon. WELLS THOMPSON.

*J. C. Kirkland, S. S. Hanscom,* and *Ewing & Ring,* for plaintiff in error.

*William Masterson,* for defendants in error.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court by the defendants in error against the sureties upon the bond of P. S. Wren as guardian of the minors Matthew S., Catharine R., and Mary S. Boulmay, children of Isaac Boulmay, deceased, to recover money shown to be due by the judgment of the probate court. Wren qualified as guardian of the minors and executed a bond as guardian, approved January 17, 1883, payable to the county judge of the county of Galveston, conditioned "that whereas the above bound P. S. Wren has been appointed by the county judge of Galveston, guardian of the estate of said minors, now if the said P. S. Wren shall well and truly perform all the duties required of him under said appointment then this obligation shall be null and void, otherwise to remain in full force and effect." The caption of the bond was:

"State of Texas, County of Galveston.—No. 1491. Estate of the minor children of Isaac Boulmay, deceased.—Know all men by these presents," etc.

Pending the guardianship, the minor Mary S. Boulmay died, and her share of the estate was inherited by her brother and sister, Matthew

and Catherine, and her mother, the appellee Kate Dawson, who was the widow of Isaac Boulmay, deceased. On September 18, 1899, the County Court of Galveston County, after due citation to P. S. Wren, removed him from the guardianship of Catherine R. Boulmay, and appointed for her another guardian, who afterwards qualified. Matthew S. Boulmay had, in the meantime, become of age. The decree of removal recited that "the said P. S. Wren, guardian, has wholly failed and refused to obey the order of this court, made and entered on the 29th day of July, 1899, commanding him to pay to Matthew S. Boulmay the sum of $887.30, and to Catherine R. Boulmay the sum of $887.30, and to Kate Dawson the sum of $114." The decree of July 29, 1899, referred to in the order of removal, was regularly entered upon the answer of the guardian to a citation to return a final account issued upon the application of Matthew S. Boulmay, Kate Dawson, and Catherine R. Boulmay, by Kate Dawson as next friend. The sureties upon the bond were not cited. The bond was in all respects sufficient, and was properly received in evidence. The county judge was named in it as the obligee, and it appeared to be the bond of the guardian in the estate of the minor children of Isaac Boulmay, deceased, who were further identified by the evidence.

It was not necessary to bring the sureties before the County Court by citation in order to make the decree of that court conclusive against them as to the amount due by the guardian. The order of the County Court was binding upon the sureties, and no further evidence of the amount of their liability was required. Hornung v. Schram, 54 S. W. Rep., 616. When the ward dies, or, if a minor, becomes of age, upon final settlement the court is by statute empowered to close the guardianship and make an order directing the guardian to deliver the estate remaining in his hands to the ward or other person legally authorized to receive the same. Rev. Stats., arts. 2764, 2770.

In addition to the decree of the court settling the final account of Wren and determining the parties to whom he was ordered to deliver the estate, the evidence showed that Kate Dawson was legally entitled to receive a portion of the share of Mary S. Boulmay, who had died. Wren having failed to pay to Kate Dawson the money he was ordered to pay to her by the court, she had a right of action upon the bond.

The judgment of the court below will be affirmed with damages.

*Affirmed.*