### TEXAS CREOSOTING CO. et al. v. HARTBURG LUMBER CO.    (No. 1547.)

Court of Civil Appeals of Texas. Beaumont. Oct. 11, 1927.

Rehearing Denied Oct. 19, 1927.

1. Appeal and error ⟵846(5)—Trial court's judgment, if sustainable on any theory on record, should be affirmed, in absence of findings and conclusions.

Where trial court did not file formal findings of fact and conclusions of law, its judgment, if it can be sustained upon any theory on the record, should be affirmed.

2. Logs and logging ⟵2, 3(1)—Timber may be so conveyed or reserved in deed as to leave title in fee in soil in one person and like title in timber in another.

Timber may be so conveyed or reserved in deed as to leave in one person title in fee in soil generally and in another like title in timber.

3. Logs and logging ⟵2—Deed granting land exclusive of timber and providing for removal thereof at any time held to retain grantor's title in timber.

Deed granting land "exclusive of the timber" and "it being understood that timber is excluded and subject to removal at any time" held to clearly show intention of parties that whatever title and interest grantor had in timber was to remain in him.

4. Logs and logging ⟵3(11)—Deed giving right to remove timber within specified time conveys to grantee only such timber as is removed within specified time.

Deeds to timber, giving grantee right to remove it within specified time, conveyed to grantee only such timber as he might remove within time specified, and all timber not so removed, together with fee-simple title to land reserved, remains with grantor.

5. Logs and logging ⟵2—Deed conveying land subject to timber contracts conveyed grantor's title to land and timber subject to rights of grantees under prior timber deed.

Deed conveying certain described real estate excepting and subject to outstanding timber contract held to show intention of grantor to convey all his title and interest in both land and timber, subject only to rights of grantees under timber deeds theretofore executed by grantor.

---

**6. Deeds ☜120—If language in deed is doubt-ful, it will be construed to confer on grantee greatest estate permissible under instrument.**

If language of deed leaves in doubt grantor's intention as to what was to be conveyed, instrument should be so construed as to confer on grantee greatest estate that terms of instrument will permit.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by the Hartburg Lumber Company against the Texas Creosoting Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. E. Easterling, W. R. Easterling, and Geo. E. Holland, all of Beaumont, for appellants.

Gordon, Lawhon, Davidson & Sharpstein, of Beaumont, for appellee.

HIGHTOWER, C. J. This action was brought by the appellee, the Hartburg Lumber Company, against appellants, the Texas Creosoting Company, O. D. Butler, C. A. Dyer, Sr., and C. A. Dyer, Jr., for the recovery of the title and possession of several tracts of land in Newton county, fully described in appellee's petition; the action being in form one of trespass to try title. There were other defendants than appellants, but they were dismissed from the suit. Appellants, as defendants below, filed separate answers. Appellant Butler first disclaimed as to all the land sued for, with the exception of all the timber on one of the tracts involved, and then as to this timber denied generally the allegations in appellee's petition, and pleaded not guilty. Appellants C. A. Dyer, Sr., and C. A. Dyer, Jr., answered by disclaimer as to any of the land sued for by appellee, but claimed all of the timber on the several tracts of land involved, and as to this timber they denied generally any right of recovery in appellee, and pleaded not guilty. In addition to this, defendants Dyer filed a cross-action against appellee in the form of an action of trespass to try title for the recovery of all the timber on the several tracts of land. Appellants Dyer further averred in their cross-action that appellee had unlawfully and wrongfully cut and removed from the several tracts of land timber of considerable value amounting to several thousand dollars, and they prayed for recovery against appellee for the value of this timber. It was agreed by the parties below that appellee had cut from the land sued for several thousand dollars worth of timber, the exact amount being agreed upon, and it was agreed that, in the event appellants should establish their claim of title to the timber so cut, the court should render judgment in favor of appellants for the agreed value thereof.

The case was tried to the court without a jury, and resulted in a judgment in favor of appellee for all the land described in its petition, and also the court found and decreed that appellee was the owner of all the timber on the lands, and entered a general judgment in favor of appellee for the land and timber, as against all of the appellants, and denied any recovery in appellants Dyer on their cross-action. From this judgment this appeal is prosecuted.

[1] The trial court 'was not requested to file, and did not file, formal findings of fact and conclusions of law, and therefore, if the trial court's judgment can be sustained upon any theory, in the state of the record, it should be affirmed.

All parties to this controversy claim title to the timber involved from one C. T. Noble, as their common source, and it is admitted by them that Noble, on the 10th day of October, 1902, was the owner in fee simple of both the land and timber described and involved in this suit. In support of its claim of title to the timber involved, the appellee introduced in evidence upon the trial the following written instruments:

(1) A general warranty deed from C. T. Noble, the common source, to American Real Estate & Investment Company, dated October 10, 1902. That instrument reads as follows:

"Know all men by these presents: That I, C. T. Noble, of the city of St. Louis and state of Missouri, for and in consideration of ($15,-000.00) fifteen thousand dollars paid and secured to be paid by five (5) promissory notes of even date herewith, due and payable five (5) years from date hereof with interest at 6 per cent. per annum, payable yearly, which said notes are secured by vendor's lien on the land hereby conveyed, in amounts and manner as hereinafter described, exclusive of the timber, and any failure to pay the annual interest when due on said notes makes them due and subject to foreclosure; have granted, sold and conveyed unto the said American Real Estate & Investment Company of Missouri, of the city of St. Louis in the state of Missouri, the following described property, lying and being situated in the county of Newton and state of Texas, to wit: [We omit the description here.]

"It being understood that the timber is excluded and subject to removal at any time.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said American Real Estate & Investment Company of Missouri, its successors and assigns, forever. And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said American Real Estate & Investment Company of Missouri, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, and it is expressly agreed and stipulated that a vendor's lien is retained against the above-described property, premises and improvements, until the above-described notes and all interest thereon

are fully paid according to their face, tenor and effect, when this deed shall become absolute.

"Witness my hand this tenth day of October, A. D. 1902.  C. T. Noble."

(2) A deed from the American Real Estate & Investment Company and C. T. Noble to the St. Louis Union Trust Company, which deed we copy, as follows:

"Know all men by these presents: That the American Real Estate & Investment Company of Missouri, a corporation organized and existing under the laws of the state of Missouri by C. A. Dyer, Dyer its president, of the city of St. Louis and state of Missouri, and C. T. Noble, of the city of St. Louis, state of Missouri, for and in consideration of the sum of fifteen thousand dollars ($15,000.00) the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell, and convey unto the Saint Louis Union Trust Company, trustee under the last will of Orville E. McIlvaine, deceased, of the city of St. Louis, in the state of Missouri, the following described real estate and property lying, being, and situate in the county of Newton and state of Texas, to wit:

"Four and one-half tracts granted to H. T. & B. R. R. Co. by virtue of certificates and surveys as follows—excepting and subject to any and all outstanding timber contracts and conveyances up to April 29th, 1908. [We omit the description here it being the same as in the previous deed of 1902.]

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Saint Louis Union Trust Company, trustee under the last will of Orville E. McIlvaine, deceased, its successors and assigns forever.

"And the said American Real Estate & Investment Company of Missouri and the said C. T. Noble hereby bind themselves, their successors and assigns, heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said Saint Louis Union Trust Company, trustee, as aforesaid, its successors and assigns, against every person whomsoever, lawfully claiming or to claim the same, or any part thereof, excepting any taxes due and claims created since October 10, 1902."

(3) Appellee next introduced in evidence certain timber deeds or contracts executed by C. T. Noble to H. J. Becker, purporting to convey to Becker the timber on the lands described in appellee's petition, and these timber deeds provide that Becker should remove the timber within a specified time. The first of these deeds was executed October 15, 1907, and conveyed to Becker all the pine timber on the lands sued for that was 8 inches in diameter 24 inches from the ground, and Becker was allowed five years from that date to remove the timber from the lands. The other of these timber deeds was executed January 21, 1908, and conveyed to Becker all the timber of whatsoever kind or character, except the pine timber which Noble had already conveyed to Becker, and this second deed gave Becker five years in which to remove the timber thereby conveyed. In this last instrument to Becker, this provision was made:

"That the use of said land shall not be exclusive nor shall the handling and manufacture of any of said timber occupy any more of said lands than is absolutely required to remove same in the quickest time possible and so as not to interfere in any way with the use of said lands for cultivation or farming."

In the timber deed of October 15, 1907, from Noble to Becker, this provision was made:

"After which said time the said privilege shall cease, and any timber then standing and uncut shall be the property of the grantor herein."

At the same time the second timber deed was executed by Noble to Becker, Noble executed in favor of Becker an extension agreement, in which it was provided that Becker should have an extension of three more years from the expiration of the time allowed in the second deed in which to remove the timber thereby conveyed from the land.

It is conceded by counsel for all parties, as we understand it, that whatever character of title, if any, to the timber in controversy that passed to the St. Louis Union Trust Company by the deed of American Real Estate & Investment Company and C. T. Noble, of date April 29, 1908, is now owned and held by appellee.

From a careful examination of the record in this case, we have concluded that the vital and controlling questions before us are the proper construction and legal effect of the deed from C. T. Noble to the American Real Estate & Investment Company, of date October 10, 1902, and the proper construction and legal effect of the deed from the American Real Estate & Investment Company and C. T. Noble, dated April 29, 1908, to the St. Louis Union Trust company, trustee. The learned counsel for appellee and appellants in this case differ widely as to the construction and legal effect that should be given these two instruments. Counsel for appellants contend that the legal effect of the deed from Noble to American Real Estate & Investment Company, of date October 10, 1902, was to vest the fee-simple title to the soil generally in the American Real Estate & Investment Company, and a like fee-simple title to the timber, as a separate estate, in C. T. Noble.

Counsel for appellee contends that the legal effect of the deed from C. T. Noble to the American Real Estate & Investment Company, of date October 10, 1902, was to reserve the timber in the grantor, Noble, as a chattel interest, and not as a fee-simple estate in the timber and the land for its sustenance; and counsel for appellee contends that, since it was shown that the timber on the land was not removed within a reasonable time after the execution of this deed, the right to remove the timber was forfeited to Noble's

vendee, the real estate and investment company, and its assigns.

[2, 3] It is now well-settled law in this state that timber may be so conveyed, or reserved, in a deed, as to leave in one person title in fee in the soil generally, and in another a like title in the timber. Lodwick Lumber Co. v. Taylor, 100 Tex. 272, 98 S. W. 238, 123 Am. St. Rep. 803. As we construe the language employed in the deed from Noble to the American Real Estate & Investment Company, of date October 10, 1902, it expressly excluded in clear and unmistakable language the timber from the operation of that deed. In the granting clause itself, we find the words "exclusive of the timber." Then in a separate sentence immediately following the description of the land, we find the significant language, "It being understood that the timber is excluded and subject to removal at any time." In our opinion, is would be difficult to choose words that would more clearly express that it was the intention of the parties to this deed that it should have no operation or effect whatever upon the title of Noble in the timber on the land conveyed by that instrument to the American Real Estate & Investment Company. It is true that different verbiage or phraseology might be employed, but we repeat that it would be difficult to find words that would more clearly express the intention of the parties that all the title and interest, of whatsoever character, in the timber that was then in Noble, was to remain in him, unaffected in any way by the instrument, and that he should have the right "at any time" to remove such timber. Such intention being clearly expressed, as we hold, the contract of the parties as made must be upheld, and, if the proper construction of this instrument was the controlling question in the case, it would follow that the judgment in this case would have to be reversed. If, however, the deed from American Real Estate & Investment Company and C. T. Noble, of date April 29, 1908, had the legal effect to convey to the St. Louis Union Trust Company the fee-simple title in the timber that had been reserved and retained in him by his deed to the American Real Estate & Investment Company, the judgment of the trial court in this case was correct and must be affirmed.

[4] As to this instrument, it is the contention of counsel for appellants, in substance, that its legal effect was to convey the fee-simple title to the soil generally, which was held by the American Real Estate & Investment Company, and to release and discharge the vendor's lien held thereon by Noble. In answer to this contention of appellants' counsel, counsel for appellee contend that the legal effect of this instrument was to convey to the St. Louis Union Trust Company both the land and timber, subject only to such rights as Becker or his assigns then had to cut and remove the timber, in accordance with the terms of the timber deeds from Noble to Becker hereinbefore shown.

As we understand the law of this state, as now settled by our Supreme Court, Becker did not acquire the title to any of the timber in controversy by virtue of the execution and delivery to him by C. T. Noble of the two timber deeds hereinbefore shown, but he only acquired the right under these instruments to remove timber from the land within the time specified in the instruments. In other words, these timber deeds to Becker, according to the law as we understand it, must be held to have had merely the effect to convey to Becker such timber only as he might remove from the land within the time specified in his timber deeds, and that as to all the timber not removed within the specified time, his right to remove the same became forfeited, leaving in the grantor, Noble, or his assigns the unincumbered fee-simple title to the land that had been reserved in Noble when he conveyed the land to the American Real Estate & Investment Company. Houston Oil Co. of Texas v. Boykin, 109 Tex. 276, 206 S. W. 816; Carter v. Clark & Boice Lumber Co. (Tex. Civ. App.) 149 S. W. 278; Conn v. Houston Oil Co. (Tex. Civ. App.) 218 S. W. 137; Houston Oil Co. v. Bunn (Tex. Civ. App.) 209 S. W. 830; Martin v. Southern Pine Lumber Co. (Tex. Com. App.) 284 S. W. 918. The evidence in this case was amply sufficient to warrant a finding by the trial court that Becker did not remove the timber from the land within the time specified in his timber deeds from Noble, and it will be presumed, if necessary to sustain the judgment, that the trial court made such finding.

[5, 6] This brings us back to a consideration of the legal effect of the deed from the American Real Estate & Investment Company and C. T. Noble, of April 29, 1908. We have already copied that deed in full in this opinion. As stated before, it is the contention of the able counsel for appellants that it did not have the effect, properly construed, to pass to the St. Louis Union Trust Company Noble's title to the timber which had been excepted from his conveyance to the American Real Estate & Investment Company, and which he still owned in fee simple at the date of his deed to the St. Louis Union Trust Company. In other words, counsel for appellants contend that it is clear, from the language employed by the parties to this deed of April 29, 1908, that Noble was reserving and excepting from that conveyance all interest and claim of whatsoever nature that he held in the timber on the land, and that he was only conveying to the grantee in that instrument the vendor's lien which he had expressly reserved in his conveyance to the investment company. We must disagree with counsel for appellants in this contention, and we will not go into detail or repeat the lan-

guage of that instrument that they rely upon as reserving and excepting from its operation Noble's title to the timber. We agree with counsel for appellee that the most reasonable construction of that instrument, under all the facts and circumstances, is that it was the intention of Noble in executing it to convey to the grantee, St. Louis Union Trust Company, all title and interest that he had in the land and timber, subject only to whatever rights Becker had in the timber under the timber deeds that Noble had theretofore executed in his favor. If we be mistaken when we say that it is reasonably clear from the instrument that such was the intention of Noble, still it cannot be successfully contended that it is clear from the language of the instrument as a whole that it was the intention of Noble to except from the operation of that instrument the timber on the land conveyed. Therefore, if the language employed in that instrument leaves in doubt Noble's intention as to what was to be conveyed, the instrument should be construed so as to confer upon the grantee the greatest estate that the terms of the instrument will permit. Hancock v. Butler, 21 Tex. 804; Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930; Calder v. Davidson (Tex. Civ. App.) 59 S. W. 300. At the time the American Real Estate & Investment Company and Noble executed this deed to the St. Louis Union Trust Company, the investment company was the owner in fee simple of the land therein described as a separate estate, and Noble, as we hold, was the owner in fee simple of the timber on the land, and certainly the terms of this instrument were broad enough to include and pass this fee-simple estate in the timber then owned by Noble.

From the foregoing conclusions, it follows that this court is of opinion that the judgment in this cause should be affirmed, as has been ordered. There are other interesting propositions and counter propositions presented by counsel for both parties, but it would serve no useful purpose to discuss them, for, as we understand this record and the law applicable, the trial court has rendered the proper judgment in this case, regardless of what his reasons may have been.

Judgment affirmed.