GULF VIEW COURTS, Inc., et al. v. GAL-
VESTON COUNTY.

No. 11159.

Court of Civil Appeals of Texas. Galveston.
April 24, 1941.

Rehearing Denied May 15, 1941.

Stewart, Burgess & Morris and Leon Berger, all of Galveston, and Geo. T. Burgess, of Dallas, for appellants.

Charles H. Theobald, Co. Atty., and Emmett F. Magee and Edward A. Jahn, Asst. Co. Attys., all of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Galveston County granting an application of appellee, Galveston County, Texas, for a mandatory injunction requiring appellants, Gulf View Courts, Inc., et al., to remove certain buildings from a right of way in which appellee, Galveston County, claims an easement for a seawall and seawall purposes, and permanently enjoining and restraining appellants from constructing other structures on said land.

Appellants answered by general denial and special exceptions. They pled specially that the uses which they proposed to make of portions of said right of way were lawfully vested in them under said easement and that such uses in no way deprived appellee of the enjoyment of such rights as it had by virtue of an easement deed covering the land in question in that the structures which had been erected and which it proposed to erect would in no way endanger said seawall or its protective works.

In a trial before the court judgment was rendered in favor of appellee, requiring appellants to remove the buildings and structures complained of from said right of way and permanently enjoining them from erecting any other building or structure thereon.

At the request of appellant, Gulf View Courts, Inc., findings of fact and conclu-

sions of law were filed by the court, to which they duly excepted.

By deed dated August 23, 1926, Galveston County purchased from M. Brock and Charles J. Stubbs a right of way for seawall and seawall boulevard purposes into, over, and upon a strip of land 250 feet wide and 335 feet long, along the south side of Lot 1 of Section 1 of Galveston Island in Galveston County, for the purpose of constructing what is known as the West-end Extension of the Galveston seawall from 53rd Street to 61st Street, a distance of approximately 2,800 feet.

As constructed, large boulders, known as rip-rap, extended approximately 27 feet in front of the wall to protect filling and foundation. The seawall proper consists of a seawall 16 feet wide at the base, resting on a foundation of piling. Immediately north of the seawall is a fill approximately 17 feet in height upon which is laid from north to south in the order named, a cement sidewalk, a brick boulevard for vehicular traffic, another cement sidewalk, and a wall of concrete sheet-piling along the north edge of the north sidewalk. To the north of this sidewalk is a dump or sand fill which extends approximately 100 feet to the north line of the right of way, sloping to the edge of the right of way, upon which grass has been planted or permitted to grow.

Appellant, Gulf View Courts, Inc., acquired and is now the owner of the fee simple title to the land involved, subject to the easement in favor of Galveston County. Appellants Pierre Vignon and Albert Heinroth are lessees of Gulf View Courts, Inc.

In April, 1940, appellant, Gulf View Courts, Inc., over the protest of the representatives of Galveston County, constructed a concrete or stucco building 16 feet square on said right of way approximately 25 feet north of the north edge of the north sidewalk. Said appellant alleged that they contemplated constructing additional buildings of a permanent nature on said right of way.

The trial court found, upon sufficient evidence, that it was the purpose and theory of the County Engineer and consulting Engineers in designing and constructing said seawall that this sand fill when grown over with grass would offer protection to the seawall, in that when waves from the Gulf of Mexico washed over the seawall and beyond the boulevard and sidewalks it would prevent the washing away of the sand

fill, and that it was the purpose and intention of Galveston County in purchasing said right of way or easement that no building or structures of any kind or character could or would be permitted to be constructed thereon by the owners of the fee, but that the County should have the unimpaired and uninterfered with right to maintain said sand dump located on the north side of said right of way, and that this intention was well known to the original grantors. The court found that the structures erected thereon by appellants were not placed there with the approval of the County. It did not find that the presence of the buildings erected by appellants would enhance the danger of said dump's being washed away or damaged and did not determine what the effect of additional permanent structures on said dump might have upon the security thereof, but did find that the protection of said seawall and its supporting sidewalks and boulevard is a matter of concern and determination of appellee, Galveston County, and its legal representatives, and that in the opinion and judgment of the legal and engineering representatives of the County, the presence of permanent structures at the point in question interferes with and will jeopardize the scope and plan adopted by the County for the proper protection of the seawall and its supporting structures, and that appellant, Gulf View Courts, Inc., as the permanent owner of the fee of the land involved, had no legal right to put into effect at the point involved any method for the protection of said seawall not approved or acquiesced in by the County.

This appeal involves the legal right of the owners of the fee simple title to the land in which Galveston County has purchased "a right of way for a seawall and seawall boulevard purposes" to construct permanent buildings and structures thereon, when, in the opinion of the County Engineer and legal representatives of Galveston County, the erection of such structures at the point on said right of way in question interferes with and may in the future jeopardize the scope of the plan adopted by the officials of the County for the protection of said seawall and its supporting structures.

▮ The case of Sheppard v. City and County of Dallas Levee Improvement District, Tex.Civ.App., 112 S.W.2d 253, 255, involves a question similar in all material respects to the question presented in this appeal. In the Sheppard case the Improvement District purchased an easement "over,

across, and through" 5.68 acres of land from the Simms Oil Company. The deed granted the. free and uninterrupted use, easement and right of way for the purpose of building and maintaining. levees, borrow-pits, flood-way and any and all other uses and purposes which are or may be necessary in building and maintaining said system of Levees or drainage over, across and through said land. Later, Mrs. Sheppard purchased the. land embraced in the easement deed and made certain improvements thereon. The Improvement District applied for a mandatory injunction to enforce its easement rights and to compel appellants, the owners of the fee simple title, to remove their encroachments on its easement right of way. A jury found that said encroachments did not then and would not in the future interfere with appellee's free and uninterrupted use of the land for the purpose of repairing and maintaining the levee. The trial court, however, disregarded the findings of the jury and rendered judgment non obstante veredicto, compelling the appellants to remove their improvements from the land covered by the Improvement District's easement deed. The reviewing court, in its opinion affirming the judgment of the trial court, said: "Obviously, appellant's rights are subservient to the rights of appellee. The grant of the exclusive use of the land for levee purposes, extending to any and all other uses and purposes which are or may be necessary or desirable in the building and maintaining of the levee, is, in practical effect, an estate in fee to the easement owner. The owners of the fee, Mrs. Sheppard and her husband, have no right to use the land, as against the objection of the easement owner. The easement owner is the dominant tenant and is entitled to the free and undisturbed use of its property for the purposes of the easement. Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S.W. 453; Texas Company v. Texarkana Machine Shops, Tex.Civ.App., 1 S.W.2d 928; Gillett v. Van Horne, Tex. Civ.App., 36 S.W.2d 305."

The material parts of the easement deed from Messrs. Brock and Stubbs to Galveston County read: " * * * and do hereby grant and convey unto the said County of Galveston, a right of way for *seawall and seawall boulevard purposes* (emphasis ours) in, to, over and upon the following real estate * * *." It provides that " * * * grantors, their heirs and assigns, shall have the right of approach and contact and to build approaches to, in contact with and upon the seawall and boulevard to be on said land, under such rules and regulations as the County Commissioners' Court may prescribe and grantors reserve all mineral rights and rights to develop same on said property, * * *."

In construing said easement deed, and particularly the term therein "A right of way for seawall and seawall boulevard purposes", the trial court found that the protection of said seawall and its supporting sidewalks and boulevard was a mattter for the concern and determination of Galveston County and its legal and engineering representatives, and that the owner of the fee had no legal rights to put into effect any method of protecting the seawall and its supporting structures not approved of and acquiesced in by Galveston County.

This construction is, we think, fully justified by the terms of said deed, which sets out in detail the rights of the parties with reference to the mineral estate covered by the easement and provides that the grantors and their assigns "shall have the right of approach and contact and to build approaches, to, in contact with and upon the seawall and boulevard to be on said land, under such rules and regulations as the County Commissioners' Court may prescribe." It is uncontroverted that no "rules or regulations" for the structures erected or to be erected on said land by appellants or approaches thereto have been submitted to the County Commissioners' Court as provided for in said easement deed.

It is the general rule that, not only is wide latitude permitted in the introduction of evidence to determine the intention of parties to a deed (Hunt v. Evans, Tex.Civ.App., 233 S.W. 854), but, if the language of a deed is doubtful, it will be construed to confer on grantee the greatest estate permissible under the instrument. Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Civ.App., 298 S.W. 645, affirmed by Commission of Appeals, 12 S.W.2d 169.

It follows from above facts and the findings of the Court based on conflicting testimony, by which this Court is bound, Cook v. Mann et ux., Tex.Com.App., 40 S.W.2d 72; Cheatham v. Mann, Tex. Civ.App., 133 S.W.2d 264; Clifford v. Swift, Tex.Civ.App., 120 S.W.2d 112, that the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.