

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 17, 1952

Hon. Sam W. Davis       Opinion No. V-1480
District Attorney
Harris County           Re: Authority of the commis-
Houston, Texas               sioners' court to prevent
                                       the sale of lots fronting
                                       on a street less than
                                       sixty feet wide in a sub-
                                       division which has not
Dear Sir:                            been platted and recorded.

        You have requested an opinion on the follow-
ing question.

        "The Harris County Commissioners' Court
has requested this office to obtain your
opinion on the following problem:

        "A land developer is selling lots /out-
side_ of the corporate limits of cities or
towns7 by metes and bounds descriptions in a
general scheme or subdivision which has not
been platted and recorded as prescribed by
law; the roads or streets on which the lots
front are less than 60 feet in width.

        "Does the county commissioners' court
have authority to prevent the sale of lots
by metes and bounds description, fronting
on a street less than 60 feet wide, con-
trary to S.B. 321, 52nd Legislature? If
so, what procedure is available to the com-
missioners' court to prevent such sales,
if any?"

        Senate Bill 321, Acts 52nd Leg., R. S. 1951,
ch. 151, p. 256 (Art. 2372k, V.C.S.) provides:

        "Section 1. (a) In all counties having
a population of not less than one hundred
ninety thousand (190,000) according to the
last preceding or any future Federal Census,
the Commissioners Courts of such counties
shall have the authority to require the

owner or owners of any tract of land
situated outside of the boundaries of
any incorporated town or city in such
counties, who may hereafter divide the
same in two or more parts for the purpose
of laying out any subdivision of any such
tract of land, or for laying out suburban
lots or building lots, and streets, alleys
or parks or other portions intended for
public use, or the use of purchasers or
owners of lots of any such tract of land,
to provide for a right-of-way of not less
than sixty (60) feet for any road or street
within such subdivision.

"(b) The Commissioners Courts of any
such counties shall have the authority to
promulgate reasonable specifications to be
followed in the construction of any such
roads or streets within such subdivisions,
which specifications may include provisions
for the construction of adequate drainage
for such roads or streets.

"Sec. 2. The Commissioners Courts of
any such counties shall have the authority
to require the owner or owners of any such
tract of land which may be so subdivided to
give a good and sufficient bond for the
proper construction and maintenance of such
roads or streets, executed by some surety
company authorized to do business in this
State. Such bond shall be made payable to
the County Judge, or his successors in of-
fice, of the county wherein such subdivision
lies, and conditioned that the owner or
owners of any such tract of land to be sub-
divided will construct any roads or streets
within such subdivision in accordance with
the specifications promulgated by the Com-
missioners Court of any map or plat of any
such subdivision. The bond shall be in such
amount as may be determined by the Commis-
sioners Court but shall not exceed a sum
equal to Three ($3.00) Dollars for each
lineal foot of road or street within such
subdivision.

"Sec. 3. The Commissioners Courts of
any such counties shall have the authority
to refuse to approve and authorize any map
or plat of any such subdivision unless such
map or plat provides for not less than the
minimum right-of-way for roads or streets
as required in Section 1(a) hereof; and
there is submitted with such map or plat a
bond as required by Section 2 hereof."

In Gulf View Courts v. Galveston County, 150
S.W.2d 872 (Tex. Civ. App. 1941, error ref.), the court
granted Galveston County a mandatory injunction requir-
ing the Gulf View Courts to remove certain buildings
from an easement for sea-wall purposes which the county
had previously obtained.

It is well settled that a county will be en-
titled to injunctive relief for the purpose of keeping
easements for road purposes unobstructed. Huston v.
Throckmorton County, 215 S.W.2d 387 (Tex. Civ. App.
1948); West v. Ellis County, 241 S.W.2d 344 (Tex. Civ.
App. 1951).

Senate Bill 321 grants to the County an
easement of sixty feet for roads or streets intended
for public use. It specifically provides that the com-
missioners' courts are authorized to require the owner
of a subdivision to "provide for a right-of-way of not
less than sixty feet." Further, the commissioners'
court may promulgate reasonable specifications for the
construction of such roads. The emergency clause
states:

". . . that maintaining shoody roads and
streets in new subdivisions has become a heavy
drain on County Road and Bridge Funds, and the
fact that at present the County Commissioners
Courts have no legal authority to require real
estate developers to construct substantial roads
and streets in such new subdivision, creates an
emergency. . ."

Thus it is proper for the commissioners' court to protect
this property interest by resort to the courts for an
injunction against interference with its use.

The grant of an express power by the Legisla-
ture gives with it by necessary implication every other
power necessary and proper to the execution of the power

expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S. W. 519 (1911); Moon v. Allred, 277 S.W. 787 (Tex. Civ. App. 1925, error dism.). Therefore, it is our opinion that the commissioners' court may bring an injunction proceeding to enforce the provisions of Senate Bill 321.

## SUMMARY

The commissioners' courts of counties having a population of 190,000 or more inhabitants may bring an injunction proceeding to enforce the provisions of Senate Bill 321, Acts 52nd Leg., R.S. 1951, ch. 151, p. 256 (Art. 2372k. V.C.S.), providing that the commissioners' courts are authorized to require that owners of subdivisions situated outside the bounds of any incorporated town or city provide for rights-of-way of not less than sixty feet for any roads or streets within their subdivision.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

By John Reeves
John Reeves
Assistant

JR:am