**Richard H. KNOX et ux., Appellants,**

v.

**PIONEER NATURAL GAS COMPANY, Appellee.**

No. 5286.

Court of Civil Appeals of Texas.

El Paso.

Feb. 25, 1959.

Rehearing Denied March 18, 1959.

Turpin, Kerr & Smith, Raymond A. Lynch, Midland, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

LANGDON, Chief Justice.

This is an appeal from a judgment of the District Court of Martin County, Texas, denying the plaintiffs below, Richard Knox and wife, Kitta Belle Wolcott Knox (appellants herein), a judgment against the defendant below, Pioneer Natural Gas Company (appellee herein), for damages for trespass on their ranchland located in Martin County, and cancellation of a right of way deed and recovery of title and possession of the land, including the pipe line, as well as injunctive relief.

The determination of this case depends upon the construction of a deed of right of way executed by the appellants' predecessor in title, Mrs. Ida Wolcott, Independent Executrix of the Estate of G. W. Wolcott, deceased, to the South Plains Pipe Line Company, to whom the appellee is successor. Because of certain deletions and interlineations, we copy herein the entire instrument, a photostatic copy of which was introduced in evidence, showing such deletions and interlineations:

"Deed of Right of Way    Form A

"The State of Texas⎱ Know All Men
County of Martin ⎰ By These Presents

"That I, Mrs. Ida Wolcott, Independent Executrix of estate of G W Wolcott, deceased, of the post office of Midland, Texas, for and in consideration of the sum of One Dollar and other good and valuable consideration to me in hand paid by South Plains Pipe Line Company (hereinafter referred to as the grantee), the receipt of which is. hereby acknowledged, and for the further sum of a connection to be paid when a pipe line or a telephone or telegraph line has been laid or constructed across the land hereinafter described, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey, unto the said grantee the free and uninterrupted use, liberty and privilege of the passage in, along, upon and across that certain tract of land situated in the County of Martin, State of Texas, now owned by me and in my possession, known and described as follows, to-wit:

W/2 of League 245, Dickens Co. School Land; and Section 128, R. E. Montgomery Survey, Block A; and Survey 231 Rusk Co. School Lands, and Section 130, R. E. Montgomery Survey, Block A.

Grantee agrees to make a connection for gas free of charge to Grantor. Gas shall be charged for at the same rate that prevails in the City of Midland. Grantee agrees that phone line will be built along a fence line of said property. At the request of Grantor, Grantee will build and maintain substantial cattle guards on any cross fence of this property.

said right of way being of sufficient width to permit the grantee to lay, maintain, operate and remove ~~parallel~~ a pipe lines for the transportation of ~~oil~~ ~~or~~ gas, as stated herein, and extending from the East boundary line of said tract to the South boundary line thereof, and extending across my said land in an approximately S W direction; for the purpose of constructing and placing on, in and under the surface of the ground a pipe line ~~or lines~~ over and through said land; and for the further and additional purpose of placing, constructing, erecting and maintaining on or over and across said lands private telegraph or telephone lines, giving to the said grantee the right and privilege to place its poles, guy wires and braces thereon and lines and equipment on such poles; and further granting to the said grantee the right and privilege to enter upon said lands at all times for the purpose of making additions to, improvements on, and repairs to said pipe line ~~or lines~~ and said telegraph or telephone line ~~or lines~~ and to keep and maintain the same and to remove or replace the same; together with free ingress, egress, and regress to and for the said grantee, and his or its agents, employees, workmen and representatives, as by it, he or them shall be necessary or convenient, at all times and seasons forever, in, along, upon and across said way, in common with the grantors, their tenants and assigns; provided that said pipe lines and said telegraph or telephone lines shall be constructed in an approved manner and with as little damage to said premises as may be practical considering the nature of the construction.

"It is further agreed that the said pipe or pipes constituting the said pipe line ~~or lines~~ shall be buried to a depth of at least one foot six inches below the surface of the ground.

"To Have and to Hold all and singular the rights, easements and privileges aforesaid unto said grantee and to proper use and behoof of said grantee forever, and the grantee herein is given the right and privilege to grant, convey and assign all rights, title and privileges herein granted, and such grantee or the grantees, assigns or successors of the

grantee shall enjoy all the right, title and privileges herein granted the same as the original grantee

"Witness my hand this the 31st day of March, A.D. 1928.

Mrs. Ida Wolcott
Independent Executrix, estate of
G. W. Wolcott, deceased."

By virtue of said deed of right of way, the South Plains Pipe Line Company in 1928 entered upon said land and laid a pipe line, using 8-inch and 10-inch pipe, running in a northeasterly and southwesterly direction across the land described in said deed. This line was used by the South Plains Pipe Line Company and its successor, the appellee herein, for the purpose of transporting gas, until 1938, when by agreement between the appellants and appellee, a part of the 10-inch line crossing said land was removed, and was replaced by a 15-inch low pressure line. Early in 1955, due to an increase in the demand for gas, appellee considered it necessary to increase the carrying capacity of its pipe line across appellants' land by replacing the 8-inch line and 15-inch low pressure line with a 12-inch high pressure line capable of transporting an increased quantity of gas. Appellants, though requested by appellee to do so, refused to give their consent to the replacement of the old line, and being unable to reach an agreement, appellee proceeded, without the consent and against the wishes of appellants, to take up all of the old line across said land and to replace it with the 12-inch high pressure line.

█ Appellants contend that "the basic question presented by this appeal is whether the trial judge erred in his interpretation of the right of way and in holding that the gas company had the legal right to build the new 12-inch pipe line without liability for the resulting damage to appellants' ranch and ranching business." Appellants do not contend that the gas company was negligent in the performance of the construction work or that it used more land than was reasonably necessary in the performance of such work; they do contend that appellee did not have the right to perform the work at all and did not have the right to use any of appellants' land for that purpose. Appellants assert that they "sue for trespass, not for negligence."

In the first four points relied upon for reversal, appellants maintain that the action of the grantor in striking out, prior to the execution of the printed right of way deed, the plural "lines" wherever it appeared and leaving only the singular "pipe line" and by changing the printed words "parallel pipe lines" to read "a pipe line", the grant was limited to one pipe line; and having built one pipe line in 1928 pursuant to such grant, the original pipe line being in a serviceable condition, the appellee had no legal right to remove the old pipe line and replace it with 12-inch pipe line, the only necessity therefor being an increased market for gas; that appellee had no legal right to increase the size of the pipe line, to change the direction of the flow of gas, to substitute a high-pressure line for a low-pressure line; and that the grant being indefinite as to location and width of the right of way, and the gas company having located and cleared a 30-foot right of way in 1928 across appellants' land, and having used same for 27 years, the location and width of the right of way had become fixed and definite and the gas company had no legal right to clear and use a right of way of greater width, and in so doing, appellee trespassed on appellants' land.

In our original opinion (unpublished) the court relied heavily on the holding in Onthank v. Lake Shore & M. S. R. Co., 71 N.Y. 194, 27 Am.Rep. 35. On reflection we are inclined to agree with appellee's contention that the Onthank opinion is not in point. In that case one Brown and the plaintiff were the owners of adjoining farms. There was a spring on Brown's land which flowed out of his land onto and across plaintiff's land, in a well-defined, natural channel, which furnished a con-

stant supply of water for plaintiff's cattle and horses. On the same day in May 1863, both Brown and plaintiff, by separate instruments, conveyed certain rights to the same grantee; the defendant having succeeded to the rights of the grantee in said deeds. Plaintiff's deed granted the right to enter upon his land:

"for the purpose of laying down and keeping in repair an iron pipe or conductor, to carry water to the watertank near the Portland depot, which pipe are to be laid at least two feet below the surface of the ground."

The grantee laid down a 2-inch iron pipe across plaintiff's land which remained until 1871, during which time there was enough surplus water flowing in the old channel to supply all of plaintiff's needs. In 1871 defendant replaced the 2-inch line with a 4-inch line and thus used so much of the water from the spring as to leave running an insufficient quantity for the use of plaintiff. "The action was brought for the injury caused plaintiff by laying down the enlarged pipe and thereby diverting the increased quantity of water."

In addition to the Onthank case, appellants have cited other persuasive authority in support of their contention that where a grant of an easement is general as to the extent of the burden that is to be imposed on the servient tenement, an exercise of the right, in a particular course or manner, fixed the right and limits it to the particular course or manner in which it has been employed.

■ This court has carefully considered the authorities cited by appellant in connection with this proposition and recognizes that there exists a conflict of authority on the question. We are of the opinion, however, that if the language of the grant clearly gives the grantee a right in excess of the one actually used, such right would still exist notwithstanding the exercise of a lesser privilege.

The rights or privileges granted under the terms of the instant agreement are much broader than the easement construed in the Onthank case, cited above. In that case the rights granted were limited, and did not provide for the removal or replacement of the pipe line, and the court said:

"The right granted was to enter upon the land, and to lay down *a* pipe two feet below the surface, and to keep that pipe in *repair.*"

Whereas, the agreement in the case at bar allows the grantee a right of way of *sufficient width* to permit the grantee to lay, maintain, operate and remove a pipe line for the transportation of gas, for the express purpose of "constructing and placing on, in and under the surface of the ground a pipe line over and through said lands" further granting to the said grantee the right to enter upon said land at all times for the purpose of *making additions to, improvements on,* and *repairs* to said pipe line and to *keep* and *maintain* the same and to *remove* or *replace* the same, and further granting the right of free ingress and egress to the grantee, as by it, he or them shall be *necessary* or *convenient,* at all times and seasons forever, provided that said *pipe lines* and said telegraph or telephone lines shall be constructed *in an approved manner* and with as little damage to said premises as may be practical considering the nature of the construction. (Emphasis ours.)

While we have considered the effect of the action of the grantor in striking certain words from the printed right of way agreement, we are of the opinion that it does no more than reflect that it was the intention of the grantor to exclude from the grant the right to construct "parallel" pipe lines and to limit the grant to the construction of a single pipe line with the right, however, at all times of making additions to, improvements on, etc., together with the right to remove or replace same. It in no way limited the grantee as to the

width of the right of way, but, on the contrary, granted a right of way of "sufficient width" to permit the grantee to exercise such rights as were conveyed to it.

In their brief appellants concede: "The size of the pipe not being specified in the deed, the gas company could have laid 12-inch or even larger pipe at that time, and thereby anticipated its future requirements;" they contend that the appellee, having exercised its right to lay an 8-inch and 10-inch pipe line across appellants' land in 1928, which original pipe is still in good and serviceable condition and did not require replacement, therefore since the purpose of the new pipe line was not simply to restore the pipe line to its original condition, it cannot be said that the deed authorized the construction of the new pipe line as a replacement.

We are unable to agree with appellants' contentions. While undoubtedly the extent of an easement created by prescription is fixed by the use through which it was created, such is not the rule in the case of easements created by conveyance; the extent of the right depends upon a proper construction of the grant.

The creation of such an interest as an easement involves looking forward by those participating in its creation, to a future use by the one entitled to it, not inconsistent with, or repugnant to, the creating instrument. This use, by necessity, must be made under conditions somewhat different from those existing at the time of the conveyance. In the absence of language specifically negativing it, it will be assumed that the parties contemplated changes in the use of the servient tenement by the normal development in the use of the dominant tenement. Restatement of the Law of Property, Secs. 482 and 484.

In 19 Corpus Juris, at page 976, it is said:

"for it is well settled that where a right of way is granted in general terms no right in, or power over, the land but what is necessary to its reasonable enjoyment is conferred. The grantee is entitled to vary his mode of enjoying the same, and from time to time to avail himself of modern inventions if by so doing he can more fully exercise and enjoy or carry out the object for which the way was granted." See also, 28 C.J.S. Easements § 87.

Every easement carries with it the right to do whatever is reasonably necessary for the full enjoyment of the easement itself. The extent to which such incidental rights may be exercised depends upon the object and purpose of the grant and whether such rights are limited by the terms of the grant creating the easement.

In the case at bar, at the time of the execution of the right of way deed, the grantor knew that she was granting a right of way for a pipe line for the transportation of gas, to a grantee engaged in the business of delivering gas to various cities and towns in West Texas. The grantor knew, or should have known, that if, as and when the population of the various towns increased, requiring more gas, the pipe line originally installed might have to be replaced by a pipe of larger capacity. She could, if she had chosen to do so, specified the size of the pipe, the direction of the flow of gas, the exact towns to be served thereby, the exact width of the right of way, and other such limitation as she may have desired; but this she did not do.

There being no limitation in the grant with respect to the size of the pipe or the direction of the flow of gas, the removal of the original pipe line and the replacement of same by the new 12-inch line in the same ditch, using no more land than was reasonably necessary in the performance of such work, did not constitute a trespass in view of the language of the right of way deed which, by its express terms, granted the right to "remove or replace" same.

**602**

In Van Horne v. Trousdale, Tex.Civ. App., 10 S.W.2d 147, 149, it is said:

"The servitude with which the entire Reynolds ditch was burdened was that of conveying water to the various landowners. The direction in which the water flowed and the source of its water supply were immaterial details; the change imposed no greater servitude."

We do not believe the direction of the flow of the gas would increase the servitude, nor do we deem it material.

■ It is well settled that the rules which control the courts in the construction of easements are, in general, the same as those applied to the construction of deeds and other written instruments.

We believe that what is said in the case of Lone Star Gas Co. v. Childress, Tex. Civ.App., 187 S.W.2d 936, 940, is applicable to the facts in the instant case:

"Since the deeds do not confine the defendant's use to a strip of land thirty feet wide, it is elementary that the court could not re-define the terms of the grant and restrict the use granted by the instruments * * *"

absent fraud, accident or mistake. Further the court said:

"It is clear to us that the amount of space reasonably needed in the past in any particular operation is a question of fact, and the testimony of the district foreman on such issue would be pertinent. But the defendant is entitled to use in the future as much of the land as each occasion may reasonably demand."

While appellants assign other errors, that which is said above is conclusive of this appeal, and it becomes unnecessary to discuss the other points raised, and same are accordingly overruled.

The original opinion and decision rendered herein is withdrawn and set aside, and the judgment of the trial court is affirmed.

FRASER, J., not sitting.