## LONE STAR GAS CO. v. HUTTON et ux.
### No. 1646—6085.

Commission of Appeals of Texas, Section A.
March 22, 1933.

Ben H. Powell, of Austin, and Karl F. Griffith, Roy C. Coffee, and Marshall Newcomb, all of Dallas, for plaintiff in error.

A. P. Dohoney, of Paris, for defendants in error.

SHARP, Judge.

J. R. Hutton and wife filed suit against the Lone Star Gas Company for damages which they alleged accrued to their lands, levees, ditches, and matured crops by reason of the construction of the pipe line during the year 1928, and further sought to recover damages for a crop for the year 1929, which they alleged that they did not and could not plant on the land; that the Lone Star Gas Company, in constructing its pipe line, diverted the natural flow of the waters of certain streams, which caused damages to their lands, crops, ditches, etc. The Lone Star Gas Company answered that the injury was not caused by its negligence but by means beyond its control. It also pleaded a conveyance to it by Hutton and wife of the right of way and easement in the land, with stipulations of liability for dam-

ages from construction, operation, and maintenance of the pipe line. The cause was tried before the court without a jury, and judgment was rendered in favor of Hutton and wife against the Lone Star Gas Company for permanent injuries to about thirty acres of land in the amount of $600; to loss of crops for the year 1929, $500; damages to 2.18 acres of land, $75; destruction of matured cotton, $40; damages to levees and ditches, $75, making a total of $1,290. The trial court filed findings of fact and conclusions of law. The Court of Civil Appeals at Texarkana affirmed the judgment of the trial court. 37 S.W.(2d) 329.

The gas company contends that the Court of Civil Appeals erred in affirming the judgment of the trial court because it permitted Hutton and wife a double recovery. This is based upon the ground that the trial court having found, as a matter of fact, that the gas company was liable to Hutton and wife for permanent injury to thirty acres of land, and, having rendered judgment in favor of them against the company for $600, permitted a double recovery in entering judgment in favor of Hutton and wife for loss of crops on the same thirty acres for the subsequent year, 1929. The trial court, among other things, found as follows:

"I find that as a result of the diversion of waters by defendant and causing the same to flow across plaintiffs' lands plaintiffs suffered damages as follows:

" 'Permanent injury to the 30 acres of land above referred to, $600.00.

" 'Loss of crop on said 30 acres for the year 1929, $500.00.

" 'Injury to the 2.18 acres of land west of the pipe line above referred to, $75.00.

" 'Destruction of matured cotton in the field during construction of its pipe line by defendant's employees, $40.00.

" 'Cost of restoring levees and ditches where pipe line crossed same, $75.00, making a total of $1290.00.' "

The rule is well settled that all damages resulting to land from permanent injury caused from overflow waters may be recovered in one action. It is equally well established that the measure of damages for permanent injury to land is the difference between its reasonable market value immediately before and immediately after injury. For permanent injury to land, the owner is entitled to recover damages therefor; the award being made to include all injury, prospective as well as present. City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.(2d) 57, and cases cited; 13 Tex. Juris. pp. 160, 161, and 162.

In addition to the damages sustained to land, the owner is entitled to recover as a

measure of damages to his then growing crops thereon the difference between the value of the crop just before and just after the damage. City of Amarillo v. Ware, supra, and cases cited therein. But, if the land is not permanently injured, a different rule applies where the land is caused to overflow by the negligent acts of another, and, if the owner, by reason thereof, is unable to plant and cultivate a crop thereon during that season, he is entitled only to a reasonable rental value of the land, and not the probable value of the crops, less the cost of cultivation. Ft. Worth & D. C. Ry. Co. v. Speer (Tex. Civ. App.) 212 S. W. 762.

In an action for permanent damages to land, the measure of damages is the decreased value of the land, and, where a recovery for permanent injury is had, no recovery for its rental value is permitted. A recovery for permanent injury would include also the rental value. To permit a recovery of the market and rental value in one case would permit a double recovery for the same damages. Full compensation is given by the recovery of the loss in the value of the land. City of Amarillo v. Ware, supra; City of San Antonio v. Mackey's Estate, 22 Tex. Civ. App. 145, 54 S. W. 33; San Antonio & A. P. Ry. Co. v. Carpenter (Tex. Civ. App.) 13 S.W. (2d) 929; T. & P. Ry. Co. v. Ford, 54 Tex. Civ. App. 312, 117 S. W. 201; 17 C. J. 74. On the other hand, if the injury is shown to be temporary in its character, the recovery in such case is not the difference between the market value immediately before and immediately after the injury, but the damages which have accrued during the continuance of the injury covered by the period for which the action is brought will be allowed. Any other rule would permit a recovery of prospective damages, which is allowed only where the injury is permanent. Rosenthal v. T., B. & H. Ry. Co., 79 Tex. 325, 15 S. W. 268; 13 Texas Juris. p. 163; 8 R. C. L. pp. 483, 484, § 45.

The decisions also definitely settle the rule that there is a difference between a permanent injury and one that is perpetual, and that a recovery can be had where an injury is permanent without it being perpetual. Williams et al. v. Henderson County Levee Improvement District No. 3 (Tex. Com. App.) 36 S.W.(2d) 204. The foregoing contention must be sustained.

It is also contended by the gas company that the Court of Civil Appeals erred in affirming the judgment of the trial court allowing a recovery for damages to lands, crops, ditches, levees, etc., because it is shown that Hutton and wife executed an easement to the gas company for the purpose of constructing, maintaining, and operating pipe, telegraph, and telephone lines and appurtenances thereto over and across their land, and because the Huttons neither alleged nor proved that the gas company could have prevented the damages by the exercise of due care or that the damages were a result of the negligence of the gas company in constructing, operating, and maintaining its pipe, telegraph, and telephone lines across their land, or in doing things attributed to it.

The trial court found that Hutton and wife did on September 21, 1928, for a consideration of $43.75, execute, grant, and convey a right of way and easement to the Lone Star Gas Company for the purpose of constructing, maintaining, and operating pipe lines and appurtenances thereto, including telegraph and telephone lines, over and across 300 acres of land, more or less, and that the gas company buried its pipe line to a sufficient depth so as not to interfere with the cultivation of the soil, and that the gas company obligated itself to pay any damages that might arise to growing crops and fences on the land by reason of the construction, operation, and maintenance of its pipe lines; that the consideration recited in the deed was in full satisfaction of every right thereby granted.

The conveyance to the gas company expressly provided that it should have certain rights in and upon certain lands belonging to Hutton and his wife, and the gas company had the right of ingress and egress over and upon the lands for the purpose of exercising the rights given therein. The gas company, under the terms of the conveyance, had a legal right to locate, construct, maintain, and operate such lines across the land, and it is to be presumed that the grantors assented to bear all loss and take all profits which incidentally resulted from the exercise of those rights in a proper manner. If grantee exercised the rights conferred in the conveyance with due care and without negligence, then no damages were recoverable. Houston & E. T. Railway Co. v. Adams, 58 Tex. 476; Mexican National Construction Co. v. Meddlegge, 75 Tex. 634, 13 S. W. 257; Gulf Pipe Line Co. v. Watson (Tex. Civ. App.) 8 S.W.(2d) 957; Texas Pipe Line Co. v. Higgs (Tex. Civ. App.) 243 S. W. 633.

To hold in the face of the provisions contained in the deed that the gas company was not permitted to enjoy those privileges free from damages necessarily incident to the enjoyment of those rights, and permit the assessment of damages not due to the result of negligence or care on its part, would be a violation of its legal rights. The burden rested upon Hutton and wife to allege and prove that the gas company was guilty of negligence in this respect.

This contention will be sustained.

We recommend that both the judgments of the Court of Civil Appeals and the trial court be reversed and this case be remanded to the district court for another trial.

CURETON, Chief Justice.

Judgments of the Court of Civil Appeals and the district court are both reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.