## TEXAS POWER & LIGHT CO. v. CASEY.
### No. 14024.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 23, 1940.

Rehearing Denied March 29, 1940.

596

Burford, Ryburn, Hincks & Charlton, of Dallas, and Fred H. Minor, of Denton, for appellant.

Geo. M. Hopkins, of Denton, for appellee.

DUNKLIN, Chief Justice.

On May 22nd, 1924, the Texas Power & Light Company, for a consideration of $70 paid, acquired from J. M. Swisher and wife, the owners, a deed conveying to it an easement or right-of-way for an electric transmission and distributing line, consisting of variable numbers of wires, and all necessary or desirable appurtenances (including towers or poles made of wood, metal or other materials, telephone and telegraph wire, props and guys), at or near the location and along the general course now located and staked out by the said company over, across and upon the following described lands located in Denton County, Texas, to-wit:

"Being a description of the Texas Power and Light Company's Norwood-Denton-Bowie Transmission Line as now surveyed and located across the land of J. M. Swisher in the H. H. Swisher survey, Denton County, Texas.

"Beginning at survey station 1288 plus 23, same being a point in center line of a fence running east and west between the property of J. M. Swisher and a road; said point being 25 feet west of J. M. Swisher's southeast corner; thence north 48 degrees 45 minutes west 427 feet to survey station 1292 plus 50; thence north 49 degrees 30 minutes west 3060 feet to survey station 1323 plus 10 to a line dividing the property of J. M. Swisher and a road.

"Together with the right of ingress and egress over my (our) adjacent lands to or from said right-of-way for the purpose of constructing, reconstructing, inspecting, patrolling, hanging new wires on, maintaining and removing said line and appurtenances; the right to relocate along the same general direction of said lines; the right to remove from said lands all trees and parts thereof, or other obstructions, which endanger or may interfere with the efficiency of said line or its appurtenances; and the right of exercising all other rights hereby granted."

That deed was duly recorded in Records of Deeds of Denton County, where the land was located, on June 18th, 1924.

On March 11th, 1925, that company acquired from H. P. Swisher, for a consideration of $90 paid, another deed of conveyance of the same rights and easements over the same land, and in the same terms, and that deed was also duly recorded in the Record of Deeds of Denton County, on April 22nd, 1925.

On February 16th, 1937, H. A. Perlstein executed a deed of conveyance to James E. Casey to a tract of 104.8 acres out of the H. H. Swisher Survey in Denton County, which deed embodied a recital that the land conveyed was the same land that had been conveyed to H. A. Perlstein by H. P. Swisher and wife, by deed dated July 27th, 1931, recorded in the Deed Records of Denton County. The consideration recited in that deed to Casey was $100 cash and a note for $1,300, secured by a vendor's lien, together with his assumption of a first lien note in favor of the Federal Land Bank of Houston for the sum of $1,970.21.

The land over which the Texas Power & Light Company acquired the right of easement above shown is embraced within the field notes of that deed to Casey, who was charged with constructive notice of those easements and all rights acquired in connection therewith, and hence the title he acquired was burdened therewith.

Federal Highway No. 77 and State Highway No. 40 crossed plaintiff's land in a

northwesterly and southeasterly direction, leaving a tract of some 21 acres in a triangular shape, bordering on the southwesterly boundary line of State Highway No. 40. Defendant constructed its transmission line across the 21-acre tract along that side of Highway 40. Its transmission line consisted of three electric power wires, charged with a heavy voltage of electricity, running parallel with each other, spaced 9½ feet apart, supported by three H frames. For the purpose of avoiding interference with those wires, defendant cut and removed three forest trees growing on said 21-acre tract. The center of the trunk of the largest of those trees was 16 feet from the defendant's middle transmission wire and 6½ feet from the nearest wire. The second largest tree was located 37 feet from the middle transmission wire and the smallest tree cut and removed was located 25 feet from that wire. Those trees were cut and removed after James E. Casey's purchase of the 104.8-acre tract above shown.

This suit was instituted by James E. Casey against the Texas Power & Light Company for damages alleged to have resulted from cutting and removing those three trees, and from a judgment in his favor for $419.20, the defendant has appealed.

It was alleged in plaintiff's petition that the three trees were beautiful shade trees, located on a hill, properly spaced, and made the hill on which they grew a desirable building site. There were other allegations that plaintiff had planned to build a residence on that side for his family, and also one opposite thereto on the north side of the highway, for occupancy of his mother-in-law and father-in-law. But allegations of all such intended uses of the property were stricken by the court, on special exceptions thereto, and they need not be noticed further. Then follow allegations to the effect that on February 1st, 1938, defendant, without plaintiff's knowledge or consent, entered upon plaintiff's land and cut and removed the three trees, the removal of each of which diminished the market value of his 104.8-acre tract in the sum of $500, aggregating $1,500 for the three, for which he sought a recovery as actual damages. He also sued for exemplary damages in the sum of $500, on allegations that the cutting of the trees was done negligently, wantonly, in disregard of plaintiff's rights and without any necessity therefor.

In addition to a general denial, defendant pleaded specially that it had in good faith cut and removed the trees because necessary to avoid interference with its transmission electric wires, carrying high electric voltage, and had the lawful right so to do under the easements noted above, of unlimited duration, and subject to which plaintiff acquired title. And further, that when the trees were cut, they, with their branches and limbs, were growing in such close proximity to the wires as to interfere with the efficiency of the transmission lines and endanger the lives of persons and livestock by coming in contact with the electric wires. And further, that immediately before the time defendant acquired its easement rights, the reasonable market value of plaintiff's tract of 104.8 acres of land was $30 per acre, and that its market value was the same immediately after defendant acquired such easement rights.

The truth of those special allegations was put in issue by plaintiff's supplemental petition, in reply to the defendant's answer, with a further plea in the nature of a waiver, and in connection therewith, a plea of limitation, growing out of facts hereinafter noticed.

Following are special issues, submitted to the jury, with their findings thereon:

"No. 1. What do you find from a preponderance of the evidence was the reasonable market value of the plaintiff's lands immediately before the three trees were removed by the defendant? Answer giving amount in dollars and cents. Answer: $4192.00.

"No. 2. What do you find from a preponderance of the evidence was the reasonable market value of the plaintiff's lands immediately after the three trees were removed by the defendant? Answer giving amount in dollars and cents. Answer: $3772.80.

"No. 3. Do you find from a preponderance of the evidence that the trees in question were reasonably calculated to endanger or interfere with the efficiency of the transmission lines? Answer yes or no. Answer. No."

█ It is well settled by the decisions of our Supreme Court that where one has an easement right over land such as the one possessed by defendant in this case, in order for the owner of title to the land to recover damages growing out of the use of such easement, he must show that the de-

fendant was guilty of negligence in the manner in which it was used. Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W. 2d 19, and decisions there cited; Houston & E. Tex. Ry. Co. v. Adams, 58 Tex. 476; Gulf Pipe Line Co. v. Watson, Tex.Civ. App., 8 S.W.2d 957.

■ In plaintiff's petition it was expressly alleged that defendant was guilty of negligence in cutting and removing the trees. And in reply thereto defendant, in addition to a general denial, specially pleaded that the removal of the trees was not a negligent act, but was reasonably necessary to the enjoyment of the easement rights it had theretofore acquired. But that issue of negligence was omitted from the issues which the court prepared and submitted to counsel for objections, after conclusion of the evidence and before argument to the jury, as required by Art. 2185, Rev.Civ.St. And since no objection was made thereto by plaintiff for omitting that issue, and no requested issue embodying it was tendered to the court by plaintiff, and a finding of such negligence being an essential element of plaintiff's right of recovery, we believe the court erred in refusing defendant's request for an instructed verdict in its favor on the whole case, presented before the court read the issues to the jury, as insisted by one assignment of error, in support of which the following, among many other, authorities are cited: Revised Civil Statutes, Arts. 2186 to 2190, both inclusive, Vernon's Ann.Civ.St. arts. 2186–2190; 30 Tex.Jur., sect. 158, page 837; Dallas Hotel Co. v. Davison, Tex.Com.App., 23 S.W. 2d 708; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Groves v. National Loan & Investment Co., Tex.Civ.App., 102 S.W. ·2d 508. See, also, Wichita Falls & Oklahoma Ry. Co. v. Pepper, Tex.Sup., 135 S. W.2d 79.

■ Manifestly, plaintiff had the burden of proof to show that the trees did not endanger or · interfere with the efficiency of defendant's electric transmission wires. But by Issue No. 3, the burden was imposed on the defendant to prove the affirmative of that issue, which was reversible error. Lone Star Gas Co. v. Hutton, Tex.Com. App., 58 S.W.2d 19, at page 21; 41 Tex. Jur., sect. 336, p. 1197; City of Dallas v. Firestone Tire & Rubber Co., Tex.Civ. App., 66 S.W.2d 729, error refused; Dallas Ry. & Terminal Co. v. Fuchs, Tex.Civ. App., 52 S.W.2d 685.

As noted above, plaintiff alleged that the· cutting of each of the three trees depreciated the market value of plaintiff's tract in the sum of $500.00, with no allegation of necessity to fix the damages for cutting the three trees as a unit because of impracticability of assessing the same separately.

■ In view of that separation by plaintiff of damages resulting from the different trees which the evidence showed were of different sizes, and at different distances. from the nearest transmission wires, and the largest and most valuable being nearest, we conclude that there was further· error in submitting, over defendant's objection, the issue of damages from cutting all those trees as a unit, instead of separately.

■ Plaintiff testified that the market value of his land immediately before the trees were cut was $75 per acre, and immediately thereafter, $37.50 per acre. An assignment is presented to the court's refusal to permit defendant, on cross-examination of plaintiff, to prove by him that the purchase price he had paid for the land on February 16th, 1937, was approximately $33 per acre. The testimony rejected was relevant to questions submitted in issues Nos. 1 and 2, and should have been admitted. This assignment is therefore sustained. 19 Tex.Jur., para. 151, p. 233, and cases there cited. Also 17 Tex.. Jur., sect. 164, p. 443.

■ Appellee has submitted seventeen counter propositions in reply to all plaintiff's assignments of error. The contention presented by several of them is to the effect that the easement under which the· trees were cut was void for lack of definite description of the right-of-way which it covered. The description of that right-of-way is definitely described in the deed to the easement, and therefore this contention is without merit.

■ Another contention is to the effect that since the evidence showed that more than ten years prior to the time the trees· were cut, defendant had elected to remove such trees as it deemed would interfere· with its transmission lines, such election precluded the right to cut additional trees later, and therefore the claim of such right asserted here was barred by the statute of limitation of both the four and ten year statutes of limitation.

We perceive no merit in that contention. because the easement was of unlimited dur-

ation and clearly contemplated the right to remove growing trees at any time they interfered with the proper maintenance of the transmission lines.

Other assignments of error to alleged improper argument to the jury on the trial and improper conduct of the jury during their deliberations, will not be determined, since those questions may not arise on another trial. But for the errors noted, the judgment of the trial court is reversed and the cause is remanded. Ostrom v. Jackson, Tex.Civ.App., 127 S.W.2d 987, and decisions cited.

### On Motion for Rehearing

 Appellee stresses the contention urged in his briefs that the right-of-way for the easement claimed by the defendant over the land in question was too indefinite to warrant defendant's claim of right thereunder to remove the three trees in controversy, because in the deeds granting the easement, the course and width of the right-of-way were not specified. In the first place, plaintiff did not object to the admission of those deeds on that ground, or on any other ground. In the absence of any such designation in those deeds, the law as against the owners of the land who conveyed the easement, would carry the right in the defendant to select a right-of-way of such course and width as was reasonably necessary for the purpose of maintaining defendant's transmission lines. And since testimony introduced by plaintiff himself showed conclusively that about the year 1925, after delivery of those deeds, the defendant selected and established its right-of-way across the land, and has maintained the same ever since, all without objection from the land owner, defendant's right-of-way so selected was thereby established as conclusively as if its course and width had been expressly described in the deeds granting the easement.

Nor did plaintiff plead or offer testimony to show that defendant's right-of-way at the place where the trees were growing was not reasonably necessary to the enjoyment of the easement; his sole complaint in his pleadings being that the trees were not near enough defendant's transmission wires to require cutting in order to avoid injury to persons or animals from electric shock, and therefore such cutting was done wrongfully and negligently.

Furthermore, in his supplemental petition, in reply to defendant's answer, plaintiff alleged that more than ten years before the trees were cut, defendant's right-of-way across the land was fixed and determined by its own selection thereof, and therefore its right to cut them was barred by the four and ten year statutes of limitation. And the facts so alleged in that pleading are asserted in several of appellee's counter propositions presented here in support of those pleas of limitation.

All of which shows that the case was tried upon the theory that the trees in question were growing on the right-of-way lawfully acquired under and by virtue of the deeds noted in our original opinion.

The motion for rehearing is overruled.