Maude F. PRIDGEN et al., Appellants,

v.

SHELL PIPE LINE CORPORATION, Appellee.

No. 10315.

Court of Civil Appeals of Texas.

Austin.

May 4, 1955.

Rehearing Denied May 25, 1955.

Maude F. Pridgen, Alice P. McDonald, Austin, for appellants.

Dan Moody, Austin, R. H. Whilden, W. J. Williamson, Houston, for appellee.

HUGHES, Justice.

Appellants are Maude F. Pridgen and her sister, Mrs. Alice P. McDonald, who sued Shell Pipe Line Corporation for damages to lands, which they claimed to own, allegedly resulting from the construction of a pipe line across such lands by Shell.

A jury was impaneled and when appellants rested their case it was instructed by the trial court to return a verdict for appellee. Judgment in accordance with such verdict was rendered.

Appellants were not below and are not here represented by counsel and neither is, herself, an attorney. In view of this we have overlooked the many informalities in the record and in their brief and have searched the statement of facts to see if appellants have presented any evidence of a wrong committed by appellee against them or either of them. We find none.

The record shows that Mrs. McDonald executed a general power of attorney in favor of her sister on May 20, 1945. There is no evidence of the revocation of such power.

On March 11, 1952, Maude F. Pridgen for herself and as attorney in fact for her sister, executed a right of way grant to Shell which, omitting formal parts, we quote:

"That for the sum of Twelve and no/100 Dollars ($12.00) and other good and valuable considerations, receipt of which is hereby acknowledged, the undersigned herein called 'Grantor' (whether one or more) hereby Grants, Sells and Conveys, to Shell Pipe Line Corporation, a Maryland Corporation, herein called 'Grantee', its successors and assigns, the following easements:

"(1) A right of way for the purposes, from time to time, either as a common or private carrier, of laying, constructing, operating, inspecting, maintaining, repairing, renewing, substituting, changing the size of and removing a pipe line for the transportation of oil, petroleum, gas, the products of each of the same, water, other liquids and gases and mixtures of any of the foregoing, at a location and on a route to be selected by Grantee on, in, over, and through the following described land in Travis County, Texas, to-wit:—

"177.75 acres of land less 29 acres out of the Santiago Del Valle Grant in Travis County, Texas, and being more fully described by Deed dated the 26th day of February, 1945, from Charles Reuben Charles et ux., to Alice P. McDonald, a widow, and Maude Pridgen, and recorded in Vol. 749, page 579, of Deed Records of Travis County, Texas.

"(3) The right to lay, construct, operate, inspect, maintain, repair, renew, substitute, change the size of and

remove additional lines of pipe at any time on, in, over and through the above described land parallel to the first line above mentioned upon payment of the consideration above recited for each additional line so laid; provided, that each such additional line shall be laid subject to the same rights and conditions as apply to the original line; and provided further that all pipe lines constructed under this grant shall be confined to a strip of ground sixty feet in width; and

"(4) The rights of ingress and egress in, on, over, across and through said above described land for any and all purposes necessary and/or convenient to the exercise by Grantee of the rights and easements herein granted. The North line of the 60 ft. pipe line R/way enters the above property approx. 75 ft. West of the N.E. corner property fence line and continues Easterly across the land with the North line of the 60 ft. pipe line Right-of-Way leaving the above property approx. 75 ft. south of the N.E. corner property fence line.

"To Have And To Hold, the said rights and easements unto the said Grantee, its successors and assigns.

"Grantor reserves the right to use the above described premises except as such use may unreasonably interfere with the enjoyment of the rights and easements herein granted. Grantor covenants with Grantee that it is the owner of the above described lands and has the right, title and capacity to grant the rights of way and easements hereby granted.

"Grantee, by acceptance hereof, agrees to bury the pipe lines so that they will not interfere with the ordinary cultivation of the land described above and also to pay any damages to growing crops, fences and timber which may immediately and directly

result from the exercise of the rights herein granted.

"This agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the parties hereto; and the rights and easements herein granted shall be assignable together or separately and in whole or in part.

"It is understood and acknowledged that the person securing this grant for Grantee is without authority to make any agreement or representation in regard to the subject matter hereof which is not expressed herein, and that no such agreement or representation will be binding upon the Grantee."

Shell has constructed and is now maintaining a pipe line across the lands described in and as authorized by such right of way grant.

The pleadings of appellants do not allege and there is no evidence showing or tending to show that Shell was negligent either in the construction or maintenance of such pipe line.

The law is thoroughly settled that if Shell exercised the rights conferred upon it by the right of way grant, copied above, with due care and without negligence, then no damages can be recovered for injuries resulting therefrom. Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19, recently approved in Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399.

Appellants attempted to plead fraudulent misrepresentations by appellee and they testified somewhat in support of their allegations which are summarized in their brief as follows:

"1: A representation that only a small corner of plaintiff's land would be used.

"2: A representation that no harm or damage would be done to plaintiffs' land.

"3: A failure to disclose that the proposed right-of-way was 60 feet in width.

"4: A failure to disclose that defendant corporation reserved the right to place as many pipe lines across the easement as it desired.

"5: A failure to pay these plaintiffs a fair and adequate consideration for the damage done.

"6: A failure to inform these plaintiffs that the defendant corporation could select its own place of entry and departure from said land."

These matters are legally insufficient to constitute fraudulent misrepresentations. They amount to nothing more than an attempt by parol to repudiate the rights conferred by and vary the terms of the right of way grant without pleading or proof that they were overreached or that they had any excuse for not knowing the contents of the instrument which they had voluntarily executed. The law does not authorize written contracts to be disregarded under such circumstances. Bigham v. Bigham, 57 Tex. 238; American Law Book Co. v. Fulwiler, Tex.Civ.App., El Paso, 219 S.W. 881; Wright v. Couch, Tex.Civ.App., Eastland, 54 S.W.2d 207; Moore v. Downie Bros. Circus, Tex.Civ. App., Fort Worth, 164 S.W.2d 420.

An additional reason for sustaining Shell's motion for directed verdict is that there is no evidence from which the jury could have found more than nominal damages.

The judgment of the trial court is affirmed.

Affirmed.