**PHILLIPS PETROLEUM COMPANY,**
**Appellant,**

v.

**Lawrence TERREL, Appellee.**

**No. 7633.**

Court of Civil Appeals of Texas.

Amarillo.

June 27, 1966.

Wm. J. Zeman and Lloyd G. Minter, Bartlesville, Okl., C. J. Roberts and C. Rex Boyd, Amarillo, for appellant.

Allen, Allen & Reavis, Perryton, for appellee.

NORTHCUTT, Justice.

This is an action for damages brought by Lawrence Terrel, hereinafter referred to as appellee, against Phillips Petroleum Company, hereinafter referred to as appellant, to recover damages allegedly sustained by appellee as a direct and proximate result of the pipe line installation by appellant on the land farmed by appellee. The case was tried to a jury upon special issues. In answer to the issues submitted the jury found the appellee sustained damages as a direct and proximate result of the pipe line installations of the appellant and that appellee was damaged in the sum of $2,250.00. Those two issues were the only issues submitted to the jury concerning appellee's cause of action. The trial court rendered judgment against the appellant for the sum of $2,250.00, together with costs and with interest from date of judgment. From that judgment appellant perfected this appeal.

Appellant obtained a right-of-way easement from the owners of the land here involved with the right of ingress and egress to lay, construct, inspect, maintain, alter, repair, replace, operate and remove pipe lines for the transportation of oil, gas, or any other products or other liquid or mineral substances in, over, through and across the land there described and being the land here involved. The consideration paid by appellant to the land owners for such right-of-way agreements was $4,186.80. The right-of-way agreements provided:

"The consideration paid herefore covers, and Phillips is hereby released from liability for, all damages resulting from or incident to the original laying of said pipe line, or pipe lines; provided that claims for damages resulting from negligence of Phillips or of its contractor are not hereby released. This instrument constitutes the entire agreement between the parties hereto, and no covenant or agreement not herein expressed shall be valid unless in writing and signed by the grantor and a duly authorized agent of Phillips. The consideration above recited is in full satisfaction of every right hereby granted."

Appellant secured from appellee, tenant upon the land here involved, "tenant's consent" granting to appellant the rights and privileges of a grant of right-of-way executed in favor of the appellant by the owners of the land here involved with the understanding that any damages to crops occasioned by construction activities under the grant of right-of-way were to be paid by appellant to appellee on the share or basis to which appellee might be entitled. Appellant tendered appellee $88.00 for his crop damage and appellee refused to cash the check but kept it and introduced it in evidence herein. The only testimony concerning appellee's crop damage was when appellee stated, "Oh, a hundred dollars."

The measure of damages for wrongful destruction of a growing crop appears to be well settled of law in this state. The measure of damages to growing crops when wrongfully destroyed is the value of the crop just as it stood on the ground at the time and place of its destruction. Such value to be determined by the probable yield of the crop and its reasonable market value when matured less the cost of cultivating, harvesting and marketing. Phillips Petroleum Company v. Arrington, Tex.Civ.App., 318 S.W.2d 694 and the many cases there cited.

Since we are of the opinion under appellant's first assignment of error this case must be reversed and rendered we will not discuss the remaining points of error. It is contended by appellant's first assignment of error that the court erred in overruling its motion for directed verdict, mo-

tion for judgment non obstante veredicto and motion for new trial because the plaintiff wholly failed to prove a contract by defendant to compensate plaintiff for damages sustained as a direct and proximate result of the pipe line installation of the defendant and in said motions contended the appellee had failed to prove a proper basis upon which a damage verdict could be predicated.

The land here involved is Section 166 and the south 184 acres of Section 99, Block 10, H. & T. B. Survey, Lipscomb County, Texas. At the time here in question, appellee was the tenant on said land. Under appellee's consent agreement with appellant it was stipulated that appellee gave his consent for the appellant to exercise the rights granted under the grant of right-of-way executed in favor of appellant by the owner or owners of the land here involved with the understanding that any damages to crops occasioned by the construction activities under the said grant of right-of-way should be paid to appellee on the share basis to which he might be entitled. Appellee acknowledged this consent agreement was the only agreement he had with appellant.

It is undisputed that the line construction was done and completed in the usual and customary way and in a proper manner. We think the undisputed record shows that all appellee would be entitled to would be his share of the damaged crops. There is no competent evidence herein to determine the extent of appellee's damages to the crops. The only evidence introduced as to appellee's crop damage was when the appellee was asked, "What amount of damage, if any, do you feel that you sustained by reason of loss of growing crops? That is the actual land on which a crop was growing which the pipe line traversed which you were not able to cut the crop?" The answer was, "Oh, a hundred dollars."

■ The right-of-way agreement provided the $4,186.80 covered all damages resulting from or incident to the laying of the pipe line unless caused by negligence. No negligence was shown herein. The land owners who granted this right-of-way to appellant are not parties to this suit. If the owners were claiming any damages it would be necessary for them to show the damage was caused by the negligence of appellant. Appellee by his consent agreement with appellant confirmed all of the rights given appellant under the right-of-way agreement except as to his part of any crop damage. It is stated in Pridgen v. Shell Pipe Line Corporation, Tex.Civ. App., 279 S.W.2d 111 (writ dism.) as follows:

"The law is thoroughly settled that if Shell exercised the rights conferred upon it by the right of way grant, copied above, with due care and without negligence, then no damages can be recovered for injuries resulting therefrom. Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19, recently approved in Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399."

■ Every easement carries with it the right to do such things as reasonably necessary for the full enjoyment of the easement and extent to which incidental rights may be exercised depends on the object and purpose of the grant and whether such rights are limited by its terms. Knox v. Pioneer Natural Gas Company, Tex. Civ.App., 321 S.W.2d 596 (N.R.E.); Gulf View Courts v. Galveston County, Tex. Civ.App., 150 S.W.2d 872 (writ ref.); Bland Lake Fishing and Hunting Club v. Fisher, Tex.Civ.App., 311 S.W.2d 710; Lone Star Gas Co. v. Hutton, Tex.Com. App., 58 S.W.2d 19.

Appellee, tenant upon the land in question, affirmed all of the rights granted to appellant under the right-of-way agreement except what damages appellant would be entitled to by virtue of the destruction of appellee's growing crops. An additional reason for sustaining appellant's motion for directed verdict is that since there is no competent evidence as to appellee's dam-

ages the jury could have found no more than nominal damages. Pridgen v. Shell Pipe Line Corporation, supra.

Judgment of the trial court is reversed and rendered.