NO. 07-00-0495-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 6, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 817,719; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Princewill A. Tata has given notice of appeal from a conviction and
sentence in cause number 817,719 in the 337th District Court of Harris County, Texas (the
trial court). The trial court clerk's records were filed with the appellate court clerk on
October 24, 2000. The clerk of this court is in receipt of a letter from the trial court reporter
which advises that the reporter has not received a deposit toward transcription of the
reporter's record on appeal, nor any designation of record on appeal. No reporter's record
has been filed. 

 Pursuant to correspondence from the clerk of this court, counsel for appellant
advised that an affidavit of indigency was forwarded to appellant at his place of
incarceration, and that upon filing of the properly-executed affidavit, the trial court would
appoint counsel to represent appellant on appeal. Subsequent inquiry into the status of
the affidavit of indigency and appointment of counsel has not elicited a response from
appellant or his counsel. 

 Accordingly, this appeal is abated and the cause remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute the appeal, whether
appellant's present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute, or, if appellant desires to
prosecute, to assure that the appeal will be diligently pursued. If the trial court determines
that the present attorney for appellant should be replaced, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time from the
trial court, the supplemental clerk's record, reporter's record of the hearing and
proceedings pursuant to this order, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than April 16, 2001. 

 

 Per Curiam

Do not publish.



x.App.--Houston [1st Dist.] 1994. no writ). Considering that Kothmann filed suit on
February 8, 2001, but did not file his trial petition until March 23, 2004, we conclude the trial
court did not abuse its discretion in denying the motion for continuance. Moreover, the 
motion was not supported by affidavit as required by Rule 251 of the Texas Rules of Civil
Procedure. Kothmann's first issue is overruled. 

 The claims against the City of Lubbock and Rothwell are not entirely common. As
to the City of Lubbock, Kothmann expressly waived his trespass claim but (1) alleged
private nuisance, (2) sought a declaration that the City of Lubbock violated section 11.086
of the Texas Water Code and damages therefrom, (4) sought attorney's fees, and (5) a
declaration that the City of Lubbock's conduct constituted an unconstitutional taking without
compensation in violation of Article 1, Section 17 of the Texas Constitution. Kothmann's
claims against Rothwell included (1) trespass, (2) private nuisance, (3) negligence, (4) a
declaration that Rothwell violated section 11.086 of the Texas Water Code and damages
therefrom, and (5) attorney's fees.

 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party
to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his
claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential
element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary
judgment, the non-movant has the burden to respond to the motion for summary judgment
and present to the trial court any issues that would preclude summary judgment. City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v.
Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Where,
as here, a summary judgment does not specify or state the grounds relied on, the summary
judgment will be affirmed on appeal if any of the grounds presented in the motion are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am.
v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

City of Lubbock's Summary Judgment


 By his second issue, Kothmann contends the pleadings are insufficient to support
the judgment and by his third issue, contends the granting of summary judgment was error
under the record and the law. We disagree.

 By its first amended answer, among other things, the City of Lubbock asserted that
Kothmann consented to the drainage easements and any burden resulting therefrom. By
its motion for summary judgment, among other grounds, the City of Lubbock alleged that
Kothmann could not recover under any alleged cause of action because his predecessor
in title consented to the drainage easement, and the deed to Kothmann was expressly
subject to the drainage easement. 

 The evidence included a copy of the easement and a copy of the deed to
Kothmann. Significant here, portions of the drainage easement document include a
recitation that in addition to monetary consideration, consideration also included "benefits
accruing and to accrue to the remainder of GRANTORS' property . . . ." Also, the drainage
easement expressly recognized that the City of Lubbock reserved the right to act and
determine the drainage grade and direction of flow of waters on the real estate. Controlling
here, the deed to Kothmann expressly provided:

 This conveyance, however, is made and accepted subject to any and all
restrictions, encumbrances, easements, covenants and conditions, if any,
relating to the hereinabove described property as the same are filed for
record in the County Clerk's Office of Lubbock County, Texas.


(Emphasis added). Immediately below the grantor's signature the copy of the deed to
Kothmann provides:

 AGREED AND ACCEPTED TO:

 /s/ 

 KODY KOTHMANN


 /s/ 

 JANET KOTHMANN


 In addition to being bound to the provisions of the easement by constructive notice
as discussed in Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399, 403 (1953), 
Kothmann's agreement and acceptance of the deed upon acquisition of the property
constitutes his express recognition of the burdens on the property imposed by the 
drainage easement. The easement gave the City of Lubbock the right to do such things
as reasonably necessary for the full enjoyment of the easement, and the extent to which
incidental rights may be exercised depends on the object and purpose of the grant and
whether such rights are limited by its terms. See Phillips Petroleum Company v. Terrel,
404 S.W.2d 927, 929 (Tex.Civ.App.--Amarillo 1966, no writ).

 Next, considering Kothmann's claims of private nuisance and unconstitutional
taking and violation of section 11.086 of the Water Code, we note that according to the
affidavit of R. Keith Smith, City Engineer, included as summary judgment evidence, the
City of Lubbock did not conduct any work on the project by its employees, contractors, or
otherwise. The summary judgment evidence also includes a copy of a letter dated 
January 26, 2001, whereby the City of Lubbock notified Kothmann that Rothwell had
contracted with the engineer and the contractor to perform the work. Kothmann did not
respond with any summary judgment evidence to the contrary. Kothmann's second and
third issues are overruled as to the City of Lubbock. 

Rothwell's Summary Judgment


Trespass, Negligence, and Nuisance Claims
 

 Based on Kothmann's pleadings regarding execution and provisions of the drainage
easement and his acquisition of the remainder of the property and other summary
judgment evidence discussed above, except for Kothmann's claims for trespass,
negligence, and nuisance, the above analysis, holding, and disposition of issues two and
three are incorporated herein for all purposes. 

 By his first amended answer, Rothwell presented special exceptions claiming that
Kothmann's allegations of trespass, nuisance, and negligence were vague. Although the
allegations are vague when taken in the context of the drainage easement, that
determination will not support summary judgment because whether pleadings fail to state
a cause of action may not be determined by summary judgment. Massey v. Armco Steel
Co., 652 S.W.2d 932, 934 (Tex. 1983). A party should be given an opportunity to amend
after special exceptions have been sustained. Hartsfield v. Wisdom, 843 S.W.2d 221, 224
(Tex.App.--Amarillo 1992, writ denied). Based on the pleadings, summary judgment was
improperly granted on Kothmann's claim for trespass, nuisance, and negligence. To that
extent only, issues two and three are sustained as to Rothwell. 

 Accordingly, the order granting summary judgment in favor of the City of Lubbock
as to all claims by Kody Kothmann is affirmed; the order granting summary judgment in
favor of Gary Rothwell, individually and d/b/a Rothwell Construction is reversed in part and
the cause is remanded for further proceedings on Kody Kothmann's claims of trespass,
nuisance, and negligence only; (2) in all other respects, the order is affirmed. 


 Don H. Reavis

 Justice

 

 








1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

2. Kothmann's issue under § 11.086 of the Water Code being overruled is not
remanded for further proceedings.