NO. 07-04-0532-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 24, 2006



______________________________




KODY KOTHMANN, APPELLANT



V.



THE CITY OF LUBBOCK AND GARY ROTHWELL D/B/A


ROTHWELL CONSTRUCTION, APPELLEES




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-512,714; HONORABLE MACKEY K. HANCOCK, JUDGE


 _______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)



MEMORANDUM OPINION


 Presenting three issues, Kody Kothmann contends the trial court erred in rendering
summary judgment that he take nothing against the City of Lubbock and Gary Rothwell
d/b/a Rothwell Construction. By his issues, he contends (1) the trial court erred in denying
his motion for continuance, (2) the granting of summary judgment was error because the
pleadings are insufficient to support the judgment, and (3) granting summary judgment was
error under the record and the law. We affirm the order granting summary judgment in
favor of the City of Lubbock and reverse and remand in part the order granting summary
judgment in favor of Rothwell.

 In connection with his residential development on Gary Avenue, the City of Lubbock
required Rothwell to acquire drainage easements on undeveloped acreage across Gary 
Avenue and owned by a third party. Pursuant to Rothwell's contracts, on January 24,
2000, the owner of the undeveloped tract executed a drainage easement in favor of the
City of Lubbock for the use of the public as a perpetual and permanent drainage
easement. The easement covered 5 strips, each 50 feet by 200 feet described by metes
and bounds in the easement recorded in the Official Public Records. Then, in May 2000,
Kothmann acquired the adjoining undeveloped tract from the grantor of the easement by
deed which, among other things, provided the deed was "subject to any and all restrictions,
and encumbrances, easements, covenants and conditions" filed of record. Exhibit B to the
Kothmann deed included a partial plat which reflected, among other survey matters, one
of the five drainage easements as recorded in Volume 6554 at page 243. By letter of
January 26, 2001, a City of Lubbock engineer advised Kothmann that the dedication of the
easements was in response to a platting requirement that Rothwell obtain the drainage
easements. As material here, the letter advised Kothmann as follows: 


 the natural direction of flow is eastward across his property to the
playa lake located southwest of 98th Street and University Avenue;
 provided Kothmann the names of the contractor and engineer for
Rothwell and that work would commence on February 12, 2001; and
 provided other information regarding the opening of the drainage
easements.



Kothmann filed suit on February 8, 2001; however, his request for a temporary restraining
order was denied and the case was dismissed for lack of prosecution on June 20, 2001. 
The case was reinstated on October 3, 2002. By amended petition filed March 23, 2004,
Kothmann sought damages for trespass and other claims.

 By his first issue, Kothmann contends the trial court erred in not granting his motion
for continuance. We disagree. A trial court has broad discretion in setting reasonable
deadlines in summary judgment proceedings. McClure v. Attebury, 20 S.W.3d 722, 729
(Tex.App.--Amarillo 1999, no pet.). We review the denial of a continuance based on a
clear abuse of discretion standard. See Hatteberg v. Hatteberg, 933 S.W.2d 522, 526
(Tex.App.--Houston [1st Dist.] 1994. no writ). Considering that Kothmann filed suit on
February 8, 2001, but did not file his trial petition until March 23, 2004, we conclude the trial
court did not abuse its discretion in denying the motion for continuance. Moreover, the 
motion was not supported by affidavit as required by Rule 251 of the Texas Rules of Civil
Procedure. Kothmann's first issue is overruled. 

 The claims against the City of Lubbock and Rothwell are not entirely common. As
to the City of Lubbock, Kothmann expressly waived his trespass claim but (1) alleged
private nuisance, (2) sought a declaration that the City of Lubbock violated section 11.086
of the Texas Water Code and damages therefrom, (4) sought attorney's fees, and (5) a
declaration that the City of Lubbock's conduct constituted an unconstitutional taking without
compensation in violation of Article 1, Section 17 of the Texas Constitution. Kothmann's
claims against Rothwell included (1) trespass, (2) private nuisance, (3) negligence, (4) a
declaration that Rothwell violated section 11.086 of the Texas Water Code and damages
therefrom, and (5) attorney's fees.

 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party
to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his
claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential
element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson,
891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary
judgment, the non-movant has the burden to respond to the motion for summary judgment
and present to the trial court any issues that would preclude summary judgment. City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v.
Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Where,
as here, a summary judgment does not specify or state the grounds relied on, the summary
judgment will be affirmed on appeal if any of the grounds presented in the motion are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am.
v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

City of Lubbock's Summary Judgment


 By his second issue, Kothmann contends the pleadings are insufficient to support
the judgment and by his third issue, contends the granting of summary judgment was error
under the record and the law. We disagree.

 By its first amended answer, among other things, the City of Lubbock asserted that
Kothmann consented to the drainage easements and any burden resulting therefrom. By
its motion for summary judgment, among other grounds, the City of Lubbock alleged that
Kothmann could not recover under any alleged cause of action because his predecessor
in title consented to the drainage easement, and the deed to Kothmann was expressly
subject to the drainage easement. 

 The evidence included a copy of the easement and a copy of the deed to
Kothmann. Significant here, portions of the drainage easement document include a
recitation that in addition to monetary consideration, consideration also included "benefits
accruing and to accrue to the remainder of GRANTORS' property . . . ." Also, the drainage
easement expressly recognized that the City of Lubbock reserved the right to act and
determine the drainage grade and direction of flow of waters on the real estate. Controlling
here, the deed to Kothmann expressly provided:

 This conveyance, however, is made and accepted subject to any and all
restrictions, encumbrances, easements, covenants and conditions, if any,
relating to the hereinabove described property as the same are filed for
record in the County Clerk's Office of Lubbock County, Texas.


(Emphasis added). Immediately below the grantor's signature the copy of the deed to
Kothmann provides:

 AGREED AND ACCEPTED TO:

 /s/ 

 KODY KOTHMANN


 /s/ 

 JANET KOTHMANN


 In addition to being bound to the provisions of the easement by constructive notice
as discussed in Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399, 403 (1953), 
Kothmann's agreement and acceptance of the deed upon acquisition of the property
constitutes his express recognition of the burdens on the property imposed by the 
drainage easement. The easement gave the City of Lubbock the right to do such things
as reasonably necessary for the full enjoyment of the easement, and the extent to which
incidental rights may be exercised depends on the object and purpose of the grant and
whether such rights are limited by its terms. See Phillips Petroleum Company v. Terrel,
404 S.W.2d 927, 929 (Tex.Civ.App.--Amarillo 1966, no writ).

 Next, considering Kothmann's claims of private nuisance and unconstitutional
taking and violation of section 11.086 of the Water Code, we note that according to the
affidavit of R. Keith Smith, City Engineer, included as summary judgment evidence, the
City of Lubbock did not conduct any work on the project by its employees, contractors, or
otherwise. The summary judgment evidence also includes a copy of a letter dated 
January 26, 2001, whereby the City of Lubbock notified Kothmann that Rothwell had
contracted with the engineer and the contractor to perform the work. Kothmann did not
respond with any summary judgment evidence to the contrary. Kothmann's second and
third issues are overruled as to the City of Lubbock. 

Rothwell's Summary Judgment


Trespass, Negligence, and Nuisance Claims
 

 Based on Kothmann's pleadings regarding execution and provisions of the drainage
easement and his acquisition of the remainder of the property and other summary
judgment evidence discussed above, except for Kothmann's claims for trespass,
negligence, and nuisance, the above analysis, holding, and disposition of issues two and
three are incorporated herein for all purposes. 

 By his first amended answer, Rothwell presented special exceptions claiming that
Kothmann's allegations of trespass, nuisance, and negligence were vague. Although the
allegations are vague when taken in the context of the drainage easement, that
determination will not support summary judgment because whether pleadings fail to state
a cause of action may not be determined by summary judgment. Massey v. Armco Steel
Co., 652 S.W.2d 932, 934 (Tex. 1983). A party should be given an opportunity to amend
after special exceptions have been sustained. Hartsfield v. Wisdom, 843 S.W.2d 221, 224
(Tex.App.--Amarillo 1992, writ denied). Based on the pleadings, summary judgment was
improperly granted on Kothmann's claim for trespass, nuisance, and negligence. To that
extent only, issues two and three are sustained as to Rothwell. 

 Accordingly, the order granting summary judgment in favor of the City of Lubbock
as to all claims by Kody Kothmann is affirmed; the order granting summary judgment in
favor of Gary Rothwell, individually and d/b/a Rothwell Construction is reversed in part and
the cause is remanded for further proceedings on Kody Kothmann's claims of trespass,
nuisance, and negligence only; (2) in all other respects, the order is affirmed. 


 Don H. Reavis

 Justice

 

 








1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

2. Kothmann's issue under § 11.086 of the Water Code being overruled is not
remanded for further proceedings.


sed="false" Name="Medium List 1 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0049-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MARCH 31, 2011

______________________________

 

 

IN THE INTEREST OF P.M., A.M., AND K.M., CHILDREN

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 77,390-E; HONORABLE DOUGLAS WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant, W.M.,
perfected this appeal from the trial court's order terminating his parental
rights to his children, P.M., A.M., and K.M.[1]  Pending before this Court is W.M.'s Motion to Dismiss Appeal, in which he
represents that he no longer wishes to pursue this appeal.          Without
passing on the merits of the case, the motion is granted and the appeal is
dismissed.  Tex. R. App. P. 42.1(a)(1).  Having
dismissed the appeal 




 

at W.M.=s request,
no motion for rehearing will be entertained and our mandate will issue
forthwith.   

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 

                                       











[1]To protect the privacy of the parties in this case,
we identify them by their initials.  See
Tex. Fam. Code Ann. ' 109.002(d) (West 2008); Tex. R. App. P. 9.8(b)(1).