NO. 07-04-0532-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 24, 2006

_____

KODY KOTHMANN, APPELLANT

V.

THE CITY OF LUBBOCK AND GARY ROTHWELL D/B/A
ROTHWELL CONSTRUCTION, APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-512,714; HONORABLE MACKEY K. HANCOCK, JUDGE
_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Presenting three issues, Kody Kothmann contends the trial court erred in rendering

summary judgment that he take nothing against the City of Lubbock and Gary Rothwell

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

d/b/a Rothwell Construction. By his issues, he contends (1) the trial court erred in denying his motion for continuance, (2) the granting of summary judgment was error because the pleadings are insufficient to support the judgment, and (3) granting summary judgment was error under the record and the law. We affirm the order granting summary judgment in favor of the City of Lubbock and reverse and remand in part the order granting summary judgment in favor of Rothwell.

In connection with his residential development on Gary Avenue, the City of Lubbock required Rothwell to acquire drainage easements on undeveloped acreage across Gary Avenue and owned by a third party. Pursuant to Rothwell's contracts, on January 24, 2000, the owner of the undeveloped tract executed a drainage easement in favor of the City of Lubbock for the use of the public as a perpetual and permanent drainage easement. The easement covered 5 strips, each 50 feet by 200 feet described by metes and bounds in the easement recorded in the Official Public Records. Then, in May 2000, Kothmann acquired the adjoining undeveloped tract from the grantor of the easement by deed which, among other things, provided the deed was "subject to any and all restrictions, and encumbrances, easements, covenants and conditions" filed of record. Exhibit B to the Kothmann deed included a partial plat which reflected, among other survey matters, one of the five drainage easements as recorded in Volume 6554 at page 243. By letter of January 26, 2001, a City of Lubbock engineer advised Kothmann that the dedication of the easements was in response to a platting requirement that Rothwell obtain the drainage easements. As material here, the letter advised Kothmann as follows:

2

- the natural direction of flow is eastward across his property to the playa lake located southwest of 98th Street and University Avenue;

- provided Kothmann the names of the contractor and engineer for Rothwell and that work would commence on February 12, 2001; and

- provided other information regarding the opening of the drainage easements.

Kothmann filed suit on February 8, 2001; however, his request for a temporary restraining order was denied and the case was dismissed for lack of prosecution on June 20, 2001. The case was reinstated on October 3, 2002. By amended petition filed March 23, 2004, Kothmann sought damages for trespass and other claims.

By his first issue, Kothmann contends the trial court erred in not granting his motion for continuance. We disagree. A trial court has broad discretion in setting reasonable deadlines in summary judgment proceedings. McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.App.--Amarillo 1999, no pet.). We review the denial of a continuance based on a clear abuse of discretion standard. *See* Hatteberg v. Hatteberg, 933 S.W.2d 522, 526 (Tex.App.--Houston [1st Dist.] 1994. no writ). Considering that Kothmann filed suit on February 8, 2001, but did not file his trial petition until March 23, 2004, we conclude the trial court did not abuse its discretion in denying the motion for continuance. Moreover, the motion was not supported by affidavit as required by Rule 251 of the Texas Rules of Civil Procedure. Kothmann's first issue is overruled.

The claims against the City of Lubbock and Rothwell are not entirely common. As to the City of Lubbock, Kothmann expressly waived his trespass claim but (1) alleged

private nuisance, (2) sought a declaration that the City of Lubbock violated section 11.086 of the Texas Water Code and damages therefrom, (4) sought attorney's fees, and (5) a declaration that the City of Lubbock's conduct constituted an unconstitutional taking without compensation in violation of Article 1, Section 17 of the Texas Constitution. Kothmann's claims against Rothwell included (1) trespass, (2) private nuisance, (3) negligence, (4) a declaration that Rothwell violated section 11.086 of the Texas Water Code and damages therefrom, and (5) attorney's fees.

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Where, as here, a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are

4

meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

City of Lubbock's Summary Judgment

By his second issue, Kothmann contends the pleadings are insufficient to support the judgment and by his third issue, contends the granting of summary judgment was error under the record and the law. We disagree.

By its first amended answer, among other things, the City of Lubbock asserted that Kothmann consented to the drainage easements and any burden resulting therefrom. By its motion for summary judgment, among other grounds, the City of Lubbock alleged that Kothmann could not recover under any alleged cause of action because his predecessor in title consented to the drainage easement, and the deed to Kothmann was expressly subject to the drainage easement.

The evidence included a copy of the easement and a copy of the deed to Kothmann. Significant here, portions of the drainage easement document include a recitation that in addition to monetary consideration, consideration also included "benefits accruing and to accrue to the remainder of GRANTORS' property . . . ." Also, the drainage easement expressly recognized that the City of Lubbock reserved the right to act and determine the drainage grade and direction of flow of waters on the real estate. Controlling here, the deed to Kothmann expressly provided:

5

> This conveyance, however, is made and *accepted subject* to any and all restrictions, encumbrances, *easements*, covenants and conditions, if any, relating to the hereinabove described property as the same are filed for record in the County Clerk's Office of Lubbock County, Texas.

(Emphasis added). Immediately below the grantor's signature the copy of the deed to Kothmann provides:

> AGREED AND ACCEPTED TO:
>
> /s/ _____
> _____KODY KOTHMANN
>
> /s/ _____
> JANET KOTHMANN

In addition to being bound to the provisions of the easement by constructive notice as discussed in Williams v. Thompson, 152 Tex. 270, 256 S.W.2d 399, 403 (1953), Kothmann's agreement and acceptance of the deed upon acquisition of the property constitutes his express recognition of the burdens on the property imposed by the drainage easement. The easement gave the City of Lubbock the right to do such things as reasonably necessary for the full enjoyment of the easement, and the extent to which incidental rights may be exercised depends on the object and purpose of the grant and whether such rights are limited by its terms. *See* Phillips Petroleum Company v. Terrel, 404 S.W.2d 927, 929 (Tex.Civ.App.--Amarillo 1966, no writ).

Next, considering Kothmann's claims of private nuisance and unconstitutional taking and violation of section 11.086 of the Water Code, we note that according to the

affidavit of R. Keith Smith, City Engineer, included as summary judgment evidence, the City of Lubbock did not conduct any work on the project by its employees, contractors, or otherwise. The summary judgment evidence also includes a copy of a letter dated January 26, 2001, whereby the City of Lubbock notified Kothmann that Rothwell had contracted with the engineer and the contractor to perform the work. Kothmann did not respond with any summary judgment evidence to the contrary. Kothmann's second and third issues are overruled as to the City of Lubbock.

Rothwell's Summary Judgment
Trespass, Negligence, and Nuisance Claims

Based on Kothmann's pleadings regarding execution and provisions of the drainage easement and his acquisition of the remainder of the property and other summary judgment evidence discussed above, except for Kothmann's claims for trespass, negligence, and nuisance, the above analysis, holding, and disposition of issues two and three are incorporated herein for all purposes.

By his first amended answer, Rothwell presented special exceptions claiming that Kothmann's allegations of trespass, nuisance, and negligence were vague. Although the allegations are vague when taken in the context of the drainage easement, that determination will not support summary judgment because whether pleadings fail to state a cause of action may not be determined by summary judgment. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). A party should be given an opportunity to amend

after special exceptions have been sustained. Hartsfield v. Wisdom, 843 S.W.2d 221, 224 (Tex.App.--Amarillo 1992, writ denied). Based on the pleadings, summary judgment was improperly granted on Kothmann's claim for trespass, nuisance, and negligence. To that extent only, issues two and three are sustained as to Rothwell.

Accordingly, the order granting summary judgment in favor of the City of Lubbock as to all claims by Kody Kothmann is affirmed; the order granting summary judgment in favor of Gary Rothwell, individually and d/b/a Rothwell Construction is reversed in part and the cause is remanded for further proceedings on Kody Kothmann's claims of trespass, nuisance, and negligence only;[2] in all other respects, the order is affirmed.

Don H. Reavis
Justice

---

[2]Kothmann's issue under § 11.086 of the Water Code being overruled is not remanded for further proceedings.